ORR, appellant, *v.* HASKELL, respondent.

CASE AFFIRMED. The case of *Rader* v. *Nottingham, ante,* 157, holding that an order of the district court overruling a motion to re-tax costs is not appealable, affirmed.

APPEAL FROM ORDER QUASHING EXECUTION. An appeal can be taken to this court from an order overruling a motion to quash an execution.

COSTS — *blank for, in judgment* — *power of clerk.* In this action a judgment was entered against O. for the costs in March, 1872, and the blank left in the judgment for the amount thereof was filled by the clerk of the district court in March, 1875. A memorandum of the costs for $115 was filed in March, 1872, and the sum of $208 was inserted in the blank in March, 1875. *Held,* that the clerk is a ministerial officer and must fill said blank within two days, or a reasonable time after the costs have been ascertained. *Held,* also, that the voluntary act of the clerk in filling said blank is void. *Held,* also, that the fees of the clerk and sheriff should be included in said memorandum by the party claiming them. *Held,* also, that costs can only be recovered by a strict compliance with the Civil Practice Act.

*Appeal from Third District, Lewis and Clarke County.*

W. E. CULLEN, for the motion to dismiss the appeal.

S. ORR, contra.

BLAKE, J. The respondents move to dismiss this appeal on the ground that the same has been taken from a non-appealable order. A judgment was entered for the respondents in March, 1872, but the blank which was left therein for the amount of the costs and disbursements was not filled by the clerk of the court below until March, 1875. Afterward, an execution was issued and the appellant filed motions to quash the same and re-tax the costs. The motions were overruled and the appellant appealed

from the orders of the court thereon. No appeal has been taken from the judgment, and there is no statement on appeal.

In *Rader* v. *Nottingham, ante,* 157, this court held that an order overruling a motion to re-tax the costs is not appealable. The opinion cited with approval the decisions of the supreme court of California under the same statute in support of this proposition. After this case had been determined that court decided in *Dooly* v. *Norton,* 41 Cal. 439, that a motion to re-tax costs is one to modify the judgment, and that an appeal can be taken from an order thereon. The only reason which is given for this view of the question is, that an error in many cases would be without redress if the statute received a different construction. The same argument can be used frequently, but it is usually disregarded by judicial tribunals. If there is any force in the suggestion, it should be addressed to the legislative assembly, which has the power to regulate the appellate jurisdiction of courts in this matter. No new authorities are referred to in *Dooly* v. *Norton, supra,* and the cases which have been heard by that court and are in conflict with its doctrines are not reconsidered and overruled. In *Flubacher* v. *Kelly,* 49 Cal. 116, the court holds that an order denying a motion to strike out a bill of costs can be reviewed only upon an appeal from the judgment. The laws of this Territory have not been amended in this respect, and we think that the case of *Rader* v. *Nottingham, supra,* should be affirmed. The motion of the respondents to dismiss the appeal from the order overruling the motion to re-tax the costs is granted.

The order overruling the motion to quash the execution is a "special order made after final judgment," from which an appeal can be taken to this court. Civ. Pr. Act, § 380; *Gilman* v. *Contra C. Co.,* 8 Cal. 52. But in the hearing on the appeal from this order, we cannot examine the grounds of the motion which are based upon any alleged error in the items of the costs and disbursements. The motion to dismiss the appeal from this order is overruled.

The case was then submitted on its merits. The motion to quash the execution was denied by WADE, J.

S. ORR, *pro se.*

The clerk had no authority to fill the blank in the judgment

three years after the order for the judgment had been made. Civ. Pr. Act, § 558; Freeman on Judgt. 72–74; *Chapin* v. *Broder*, 16 Cal. 419.

The bill of costs is void. *Burnham* v. *Hays*, 3 Cal. 115. Costs can be claimed only by a strict compliance with the statute. *Dooly* v. *Norton*, 41 Cal. 439.

The execution was issued for a sum in excess of the judgment and not authorized.

W. E. CULLEN, for respondent.

Judgments may be amended. Freeman on Judgt., § 71. The clerk is authorized to leave blanks in the judgment for the amount of the costs when ascertained. Cod. Sts. 149, § 558. For the effect of filling these blanks, see *Lind* v. *Adams*, 10 Iowa, 398; Freeman on Judgt., § 49.

BLAKE, ·J. Some of the facts of this case appear in the opinion upon the motion of the respondents to dismiss this appeal. The judgment was entered March 14, 1872, and the respondents filed a memorandum of their costs and disbursements on the following day, and claimed the sum of $115.60. In March, 1875, the clerk of the court filled the blank left in the judgment by inserting $208.65 as the amount of the costs and disbursements, and issued an execution therefor. These acts of the clerk were done in vacation, without any order of the court to amend the judgment. The order of the court, in overruling the motion of the appellant to quash the execution, must be reviewed.

The authority of the clerk is defined in the following section: " The clerk shall include in the judgment entered up by him any interest on the verdict or decision of the court, from the time it was rendered or made, and the costs, if the same have been taxed or ascertained; and he shall, within two days after the same shall be taxed or ascertained, if not included in the judgment, insert the same in a blank left in the judgment for that purpose, and shall make a similar insertion of the costs in the copies and docket of the judgment." Civ. Pr. Act, § 558. The clerk is required to insert in the blank in the judgment, the amount of the costs within two days after they have been taxed or ascertained. *An-*

*toine Company* v. *Ridge Company*, 23 Cal. 219. The mode of taxing and ascertaining the costs is regulated by the Civil Practice Act, and the insertion of this amount in the blank is the ministerial act of the clerk. If this officer exceeds his power, and fills the blank with illegal costs, his acts are void. *Chapin* v. *Broder*, 16 Cal. 419. The respondents were entitled to their costs in the court below, and claimed them by delivering their memorandum to the clerk within two days after the judgment had been rendered. Civ. Pr. Act, §§ 548, 557. When the respondents filed their memorandum of their costs and disbursements, the clerk was notified that the amount had been ascertained. Within two days, or a reasonable time thereafter, this officer should have inserted the same in the blank left in the judgment for that purpose. The appellant was not allowed costs, and the only costs to be taxed or ascertained after the judgment was entered, were those which were claimed by the respondents in their memorandum.

We can take another view of the question. Costs constitute a part of the judgment in an action, and can be reviewed by an appeal from the judgment. *Rader* v. *Nottingham, ante,* 157 ; *Lasky* v. *Davis*, 33 Cal. 677. An appeal from a final judgment must be taken within one year after its rendition. Civ. Pr. Act, § 369. The aggrieved party is deprived of his right of appeal if the blank left in the judgment is filled three years after it has been rendered. The reasonable time within which the officer must insert the amount of the costs in the blank must be less than one year, in order that an appeal can be taken if necessary or desirable.

The clerk erred in inserting in the blank referred to the sum of $208.65, and issuing an execution for the same, when the respondents claimed in their memorandum of costs $115.60. This conduct is not explained in the transcript, although it appears that the respondents did not include in their memorandum the fees of the clerk and sheriff, and did not regard them as an essential part of this paper. The fees of these officers are costs and disbursements, and should have been embraced in the memorandum of the respondents at the time it was filed.

At common law neither the plaintiff nor the defendant could

VOL. II. — 45.

recover costs *eo nomine*.   Bouv. L. D., title Costs.   The respondents cannot obtain their costs and disbursements after their failure to pursue strictly the mode pointed out by the statute. *Chapin* v. *Broder, supra*.   The action of the clerk in inserting, in the blank left in the judgment, about three years after its rendition, $208.65, or any other sum, is void.   The order of the court overruling the motion of the appellant to quash the execution issued upon this judgment is reversed.

*Judgment reversed.*