BUTTE NORTHERN COPPER CO. ET AL., RESPONDENTS, *v.* RADMILOVICH, APPELLANT.

(No. 2,620.)

(Submitted May 5, 1909.  Decided May 22, 1909.)

[101 Pac. 1078.]

*Quartz Lode Claims—Location—Declaratory Statement—Substantial Compliance with Statute Sufficient—Location Notice—Posting—Costs — Erroneous Allowance—Judgment—Amendment After Appeal.*

Appeal—Evidence—Objections—When not Reviewable.
    1.  An objection to the introduction of evidence not urged in the district court will not be considered on appeal.

Quartz Lode Claims—Declaratory Statement—Sufficiency.
    2.  A declaratory statement of the location of a quartz lode mining claim which, though not technically complying with the requirements of the statute, did so substantially, was sufficient.

Same—Notice of Location—Where Posted.
    3.  While the locator of a quartz lode mining claim is not required to sink his discovery shaft at a point of discovery, he must post his notice of location at that point.

Same—Notice of Location—Posting.
    4.  The locator of a quartz lode claim had posted his notice of location a considerable distance away from the point of discovery, but about a month thereafter sank his discovery shaft at the point where he posted his notice of location.  In the meantime, however, another had made discovery and posted his notice.  *Held,* that because of the intervening

rights of the latter, the former's location must be held to be postponed to the date when he posted his notice at the point of discovery.

Same—Location Notice—Description of Course of Vein.
    5. The finding of the district court in an adverse suit to a mining claim that a notice of location describing the course of the vein as north and south was insufficient to support a location along a vein the general course of which was east and west, was erroneous.

Costs—Insertion in Judgment—Ministerial Duty.
    6. The clerk of the district court in carrying out the provisions of section 7173, Revised Codes, relative to the insertion of costs in the judgment where the same have been taxed or ascertained, acts in a ministerial capacity.

Same—Allowance—When Error.
    7. It was error to allow costs where no showing had been made to the court that the successful party had claimed them, as provided in section 7170, Revised Codes.

Same—Adding to Judgment After Appeal—Error.
    8. After an appeal has been perfected, the district court is without jurisdiction to amend the judgment by adding a provision that the successful party recover his costs.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

CONSOLIDATED ACTIONS by the Butte Northern Copper Company against John Radmilovich, and John Stepan against the same defendant. Defendant appeals in each case from a judgment for plaintiff, from an order denying a new trial, and from an order amending the judgment. Order denying a new trial affirmed in each case.

Order in each case amending the judgment reversed, and causes remanded with instructions to strike out the amendment, and, as so amended, judgment affirmed.

*Mr. Jesse B. Roote, Mr. A. C. McDaniel,* and *Mr. Jas. E. Murray,* for Appellant.

*Mr. C. M. Parr,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In July, 1906, John Radmilovich made application in the United States land office at Helena, Montana, for a patent to the

Balkan quartz lode mining claim.   The Butte Northern Copper Company and John Stepan filed adverse claims, claiming a portion of the ground under their location of the Stepan No. 2 claim, and another portion under their location of the Minnesota claim.   Their adverse claims were allowed in the land office, and within thirty days afterwards they commenced two actions against Radmilovich, one based upon each of their claims.   The defendant answered, putting in issue most of the allegations in each complaint, and in each instance set forth his claim to the ground in dispute by virtue of his prior location of the ground as the Balkan claim.   The two cases were consolidated for the purpose of trial.   Upon the hearing the defendant objected to the introduction of any evidence by the plaintiffs, upon the ground that neither of their complaints states facts sufficient to constitute a cause of action.   This objection was overruled. The plaintiffs then offered in evidence a certified copy of the articles of incorporation of the Butte Northern Copper Company, to which offer the defendant interposed the following objection: "We just offer the objection that it is incompetent, irrelevant, and immaterial under the objection heretofore made." The objection was overruled.   Objection was also made to the introduction in evidence of the declaratory statement and amended declaratory statement of the Minnesota claim.   This objection was also overruled.   At the close of plaintiff's case in each instance, the defendant moved the court to dismiss the action on the ground of the insufficiency of the evidence to justify any finding in plaintiff's favor.   These motions were denied.   At the conclusion of the evidence the court found that defendant had posted his notice of location of the Balkan lode claim three days prior to the time plaintiffs posted their notices of location.   The finding proceeds: "In this case both parties proceeded to do and did all things necessary to make their locations valid, save that defendant's notice of location which was posted three days prior to plaintiffs' was not posted 'at the point of discovery' as required by statute, but was posted sixty feet west of a vein exposure in the Sea Lion cut.   Further, his

notice was of a north and south vein, while the above vein exposure was of an east and west vein." The conclusion of the court was that plaintiffs are entitled to the ground in controversy and to a patent therefor. A judgment was accordingly rendered and entered in each case in favor of the plaintiffs and against the defendant. The judgments were entered on March 26, 1908. On July 31, 1908, defendant perfected his appeal from the judgment in each instance. On August 3 plaintiffs moved the court to amend the judgment in each action by inserting therein a provision adjudging to the plaintiffs their costs and fixing the amount recoverable. On August 15 the court sustained this motion in each case, and ordered the judgments amended accordingly *nunc pro tunc* as of the date of rendition of the judgments. The defendant appealed in each case from the judgment, from the order denying him a new trial, and from the order amending the judgment.

The only objection made to the introduction in evidence of the certified copy of the articles of incorporation of the Butte Northern Copper Company was that the complaint in each case does not state facts sufficient to constitute a cause of action. This objection does not raise the question considered by this court in *Milwaukee Gold Extraction Co.* v. *Gordon*, 37 Mont. 209, 95 Pac. 995; and upon appeal this court will only consider the ground of the objection urged in the court below. (8 Ency. of Pl. & Pr. 163.)

It is contended that neither complaint states a cause of action because the declaratory statements are insufficient. It is said that they do not show that the development work was done within sixty days from the date of posting the location notices. The statutory provisions in force at the time are found in section 3610, and sections 3611 and 3612, Political Code, 1895, as amended by an Act of the Seventh Legislative Assembly approved March 15, 1901 (Laws 1901, p. 140). In the original declaratory statement of the Minnesota claim the development work is described as follows: "At the point of discovery a cut, the dimensions of which are 5 by 11 feet, and 5 feet in depth,

along the course ·of the vein has been run." And in the amended declaratory statement it is said that the locator, within thirty days after posting his notice of location, "did distinctly mark said location upon the ground so that its boundaries could be readily traced, and did dig a cut at the point of discovery of the following dimensions, to-wit: 5 ft. wide, 15 ft. long and 10 feet deep at the face of the cut." And again: "At the point of discovery said locator and claimant has dug a cut the dimensions of which are 5 by 15 feet and 10 feet in depth, in which is disclosed a well-defined vein, crevice or deposit of ore at a vertical depth of at least ten feet below the lowest point of the rim or collar of said discovery cut at the face of said cut at the surface." In the original declaratory statement of the Stepan No. 2 claim, the development work is described as follows: "At the point of discovery a cut the dimensions of which are 4 by 11 feet, and 5 feet in depth and length 11." And in the amended declaratory statement it is said that the locator, within thirty days after posting his notice of location, "did distinctly mark said location upon the ground so that its boundaries could be readily traced, and did dig a cut at the point of discovery of the following dimensions, to-wit: 4 feet wide, 5 feet deep and 11 feet in length along said lead." And again: "At the point of discovery said locator and claimant has dug a cut the dimensions of which are 4 by 15 feet and 10 feet in depth, in which is disclosed a well-defined vein, crevice or deposit of ore at a vertical depth of at least ten feet below the lowest point of the rim or collar of said discovery cut at the face of said cut at the surface." In each instance both the original and amended declaratory statements were filed within sixty days after the notice of location was posted, so that it does appear affirmatively that the development work was actually done within the time allowed by law. While these declaratory statements may not comply technically with the requirements of the statute, there is in them at least a substantial compliance, and this is all that has ever been required. The

authorities in support of this may be found cited in *Dolan* v. *Passmore,* 34 Mont. 277, 85 Pac. 1034.

While the evidence is somewhat meager upon the questions of the mineral values in either claim, as to whether the claims were relocations or original locations, and as to whether the ground was in fact open to location at the time plaintiffs made their locations, the trial court found in their favor upon each of these questions, and we are not prepared to say that such findings are not justified by the record.

The trial court found that defendant was prior in time in posting his notice of location, but held the plaintiffs' locations prior and superior, because (a) defendant's location notice was not posted at the point of discovery, and (b) his notice described a north and south vein, while the vein exposure was of an east and west vein. The evidence is sufficient to sustain the finding of the court that the defendant did not post his location notice at the place of discovery, as required by section 3610 above. The evidence tends very strongly to show that he made discovery on March 15 or earlier; that he discovered mineral-bearing rock in place near the extreme westerly boundary of his claim and several hundred feet from the place where he posted his notice of location; that he also found mineral-bearing rock in place exposed in an excavation on the Sea Lion claim, some fifty or sixty feet from the place where he posted his location notice. We agree with counsel for appellant that the locator is not required to sink his discovery shaft at the point of discovery (*O'Donnell* v. *Glenn,* 8 Mont. 248, 19 Pac. 302); but that question is not the one involved here. The question here presented is, Must he post his notice of location at the point of discovery? The statute provides that he shall do so. The successive steps provided for are (1) discovery, (2) posting notice of location, (3) marking boundaries, (4) sinking discovery shaft, etc. In his article on Mines and Minerals, 27 Cyc., at page 564, in speaking of the place where the notice of location must be posted, Judge Clayberg says: "The place of posting the notice is generally designated by statute or local rule,

the requirements of which must be complied with." As observed above, our statute requires that the notice shall be posted "at the point of discovery." The posting of this notice is done long before the discovery shaft is required to be sunk, and the only direction as to where the discovery shaft shall be sunk is that it shall be within the claim and upon the lode or vein. It cannot be said that the defendant complied literally or substantially with the statute in posting his notice of location at the point where it was posted. But our attention is directed to the fact that upon April 15 he sunk his discovery shaft at the point where he posted his notice of location, and that the vein was disclosed in this shaft. The record bears out this statement, and, but for the intervention of plaintiffs' rights, such discovery would have supported his location (27 Cyc. 558); but because of the intervention of the rights of plaintiffs, defendant's location must be held to be postponed until April 15, the date when he posted his notice of location at the point of discovery. We do not agree with the conclusion of the trial court that a notice of location describing the course of the vein as north and south will not support a location of a claim along a vein the general course of which is east and west (*Sanders* v. *Noble*, 22 Mont. 110, 55 Pac. 1037); but this is of little consequence in this case, in view of what is said above.

The judgment in each case, as originally rendered, did not make any provision for costs. After the appeal had been perfected in each case, the trial court, upon motion of the plaintiffs, amended the judgment by adding a provision that plaintiffs recover their costs and fixing the amount of the costs recoverable. Section 7173, Revised Codes, provides: "The clerk must include in the judgment entered up by him, any interest on the verdict or decision of the court, from the time it was rendered or made, and the costs, if the same have been taxed or ascertained; and he must, within two days after the same are taxed or ascertained, if not included in the judgment, insert the same in a blank, left in the judgment for that purpose, and must make a similar insertion of the costs in the copies and docket

of the judgment." In carrying out the provisions of this section, the clerk merely acts in a ministerial capacity. (*Orr* v. *Haskell,* 2 Mont. 350.) Section 7170 provides: "The party in whose favor judgment is rendered, and who claims his costs, must deliver to the clerk, and serve upon the adverse party, within five days after the verdict or notice of the decision of the court   *   *   *   a memorandum of the items of his costs and necessary disbursements in the action or proceeding, which memorandum must be verified," etc. There was not any showing made to the district court that the plaintiffs had claimed their costs, as in this section provided, and since costs were not allowed at common law, but must be recovered, if at all, by virtue of the statute, then, in order to obtain costs, the party entitled thereto must comply with the statute. (*Orr* v. *Haskell,* above.) In the absence of a showing that these plaintiffs had complied with the statute, the court was not justified in awarding them costs. The judgments in the first instance did not award costs. There was not any adjudication upon the question; but the judgments were nevertheless valid and regular, and, after the appeals had been perfected, the district court was without jurisdiction to change the judgments in any material respect.

The order denying defendant a new trial in each case is affirmed. The order in each case amending the judgment is reversed. The causes are remanded to the district court, with directions to strike out the amendment in each judgment awarding costs, and, as so amended, the judgments will be affirmed. Each party will pay his own costs of these appeals.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.