BARRICK, RESPONDENT, *v.* PORTER, APPELLANT.

(No. 4,019.)

(Submitted September 12, 1919.   Decided September 22, 1919.)

[184 Pac. 217.]

*Costs—Verified Memorandum—Failure to Serve—Effect—Practice—Appearance—Subsequent Proceedings—Notice.*

Practice—General Appearance—Subsequent Proceedings—Notice.
  1. After general appearance in an action the defendant, or his attorney, is, under sections 7149 and 7150, Revised Codes, entitled to notice of all subsequent proceedings of which notice is required.
  [As to constitutionality of statutes allowing attorney's fees to successful party, see note in 79 **Am. St. Rep.** 178–186.]
Costs—Verified Memorandum—Failure to Serve—Effect.
  2. Where plaintiff did not file with the clerk and serve upon defendant his claim for costs in a verified bill, as he was required to do under section 7170, Revised Codes, he was not entitled to recover them, even though defendant, because of the fact that he made no appearance other than by taking part in a hearing on an order to show cause why an injunction should not issue in a water right suit, may not have been entitled to notice of proceedings had thereafter.

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

SUIT by Louis E. Barrick against John R. Porter. From a decree for plaintiff, defendant appeals. Modified by striking out costs allowed plaintiff, and affirmed as modified.

*Mr. E. K. Cheadle,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Blackford & Huntoon,* for Respondent, submitted a brief.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This cause is before this court upon an appeal from a decree in favor of plaintiff. The controversy tried and determined in the district court arose over the right to the use of 530 inches of the water flowing in Judith River, in Fergus county, acquired by an appropriation thereof by a predecessor of the plaintiff on August 1, 1881, for the purpose of irrigating certain farming lands described in the complaint.

Upon application of the plaintiff, when the complaint was filed, the court issued an order requiring the defendant to show cause why he should not be restrained, pending the action, from interfering with plaintiff's use of the water. The defendant was also restrained from interfering with plaintiff's use pending a hearing under the order. The hearing was had on August 15, 1916. From an entry in the minutes of the court, made at the conclusion of the hearing, it appears that the question submitted for determination was whether the restraining order should not be made permanent; in other words, whether upon the evidence submitted the plaintiff was entitled to the relief demanded in his complaint. The determination of the controversy was taken under advisement by the court, and so held until September 8, 1916, when the court made its formal findings and conclusions of law, and rendered a final decree in favor of the plaintiff. The defendant never made appearance in the action by answer, demurrer or otherwise than by taking part in the hearing on the order to show cause. On September 5, 1916, while the matter was under advisement, the clerk, at the request of counsel for plaintiff, entered the defendant's default. The findings were made and the decree en-

tered thereon as upon default. The decree adjudged the defendant to pay the costs of the action, amounting to $82.90.

The record discloses that the plaintiff never filed with the clerk, nor served upon the defendant, a cost bill. The only contention made in this court is that the court erred in adjudging defendant to pay costs, and that the defendant is entitled to have the decree modified in this regard. This contention must be sustained.

After appearance in an action the defendant, or his attorney, [1] if he has appeared by an attorney, is entitled to notice of all subsequent proceedings of which notice is required. (Rev. Codes, secs. 7149, 7150.) In the absence of a general appearance, he is not entitled to such notice. Whether the defendant made such an appearance in the case, by taking part in the hearing of the order to show cause and at the close thereof submitting the case for final determination on the merits, so as to prevent the entry of default and to entitle him to notice of subsequent proceedings, need not now be determined. In the [2] absence of a compliance by the plaintiff with the requirements of section 7170 of the Revised Codes, he was not entitled to recover his costs. (*Orr* v. *Haskell,* 2 Mont. 350; *Butte Northern Copper Co.* v. *Radmilovich,* 39 Mont. 157, 101 Pac. 1078.) Section 7169 points out particularly what costs the successful party is entitled to recover. Section 7170 declares: "The party in whose favor judgment is rendered, and who claims his costs, must deliver to the clerk, and serve upon the adverse party, within five days after the verdict or notice of the decision of the court or referee,  *  *  *  a memorandum of the items of his costs and necessary disbursements in the action or proceeding, which memorandum must be verified by the oath of the party, or his attorney or agent, or by the clerk of his attorney, stating that to the best of his knowledge and belief the items are correct, and that the disbursements have been necessarily incurred in the action or proceeding." The plaintiff, therefore, was not entitled to recover his costs, under the express provision of this section, without presenting his

claim for them in a verified bill, whether the defendant was entitled to service or not.

The cause is remanded to the district court, with directions to modify the decree by striking out the item of costs. As thus modified, the decree will stand affirmed.

*Modified and affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, HURLY, PATTEN and COOPER concur.