FIRST STATE BANK OF THOMPSON FALLS, RESPONDENT,
*v.* LARSEN, APPELLANT.

(No. 5,604.)

(Submitted January 14, 1925. Decided February 19, 1925.)

[233 Pac. 960.]

*Default Judgments—Vacation—Discretion—Res Adjudicata—*
*Pleading and Practice—Costs—District Courts—Minutes—*
*Power to Amend.*

Judgments—*Res Adjudicata*—Pleading and Practice.
    1. One relying on a judgment as *res judicata* must either plead it or offer it in evidence, and where neither of these things was done, nor the matter brought to the attention of the trial court on motion to vacate the judgment on that ground nor in any other manner subsequent to its entry, the assignment that the court erred in rendering judgment on one of two causes of action in that plaintiff had judgment thereon on a former trial, is without merit.

Default Judgment — Vacation — Showing Required — Attorney and Client.
    2. The neglect of an attorney to make timely appearance is the neglect of the client and the latter can be relieved from the

---

    2. Whether neglect of counsel is imputed to party under statute providing for relief from judgment taken by mistake, inadvertence, surprise or excusable neglect, see note in 27 **L. R. A.** (n. s.) 858.

    Vacating judgment on account of mistake or neglect of attorney, see note in 96 **Am. St. Rep.** 108.

[72 Mont. 400.]

consequences of the attorney's neglect only on a showing which would excuse the client under like circumstances.

Same—Vacation—Discretion.

3.  The granting of or refusal to grant a motion to vacate a default judgment lies in the court's discretion and its order will be reversed only upon a showing of abuse thereof.

Same—Vacation—Proper Refusal.

4.  Where defendant, after writing a letter to an attorney relative to the action against him, failed to have a consultation with the attorney as he had promised to do and to ascertain whether he would appear for him, and on his application to vacate the resultant default judgment did not attempt to excuse his own or the attorney's neglect, refusal of the motion to vacate was not an abuse of discretion.

Costs—Denial of Motion to Tax—Failure to Appeal—*Res Adjudicata.*

5.  Where plaintiff on a former trial had judgment on one cause of action and appealed from the judgment against it as to the other but did not appeal from the former for the purpose of having an order of the trial court refusing its motion to tax costs reviewed, that judgment became final and conclusive against its right to recover those costs on a retrial.

Costs on Appeal—Successful Party Entitled to, When.

6.  The successful party is entitled to his costs on appeal, whether or not a formal order to that effect is made by the supreme court, if he files a memorandum of his costs with the clerk of the district court within thirty days after the *remittitur* is filed with that officer; failure to do so deprives him of his right to have them included in the judgment in his favor on a subsequent trial.

Costs—Statutory Requirements must be Met.

7.  The recovery of costs, as such, is regulated by statute, and the method therein pointed out must be followed in order to claim them; hence where plaintiff had judgment but failed to file his memorandum and serve a copy thereof on his opponent within five days after the decision of the court was made, as required by section 9,787, Revised Codes of 1921, he was not entitled to them.

District Courts—Power to Amend Minutes.

8.  The district court has power to amend its minutes to correct an error or omission in them so as to conform to the actual facts, and therefore could properly, prior to hearing a motion to vacate a default judgment, order an amendment to show that default was entered for want of appearance on behalf of defendant instead of want of appearance or answer, as the entry had been originally made.

*Appeal from District Court, Sanders County; James M. Self, Judge.*

ACTION by the First State Bank of Thompson Falls against L. C. Larsen. From a judgment for plaintiff and from certain special orders made after final judgment, defendant appeals. Modified and affirmed.

72 Mont.—26

Cause submitted on briefs of Counsel.

*Mr. Thomas N. Marlowe,* for Appellant.

*Mr. A. S. Ainsworth,* for Respondent.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

In March, 1919, respondent filed its complaint, stating two separate causes of action, the first on a promissory note for $10, the second on a note for $50. Answering, appellant admitted the execution of the notes and set up an affirmative defense, which was denied by reply. After two mistrials the cause was tried to a jury and verdict rendered for appellant on the first cause of action, and for the respondent on the second cause of action. Each party filed a memorandum of costs, and each moved to tax costs. The trial court held that neither party was entitled to recover costs, and a judgment was entered for respondent for $50, with interest, but without costs, and judgment for appellant according to the verdict. Respondent appealed from the judgment against it, but did not appeal from the judgment in its favor. On the appeal the judgment was reversed and the cause remanded, for a new trial. (*First State Bank of Thompson Falls* v. *Larsen,* 65 Mont. 404, 211 Pac. 214.) *Remittitur* was filed on January 24, 1924.

Some time in February, 1924, the cause was set for trial for March 4, 1924, and the clerk of the court notified the attorney of record for appellant, then residing in Missoula, of the setting. On February 13 counsel notified appellant at Thompson Falls. On March 4 the cause was regularly called for trial. The respondent and its counsel, being present, announced that they were ready; but neither appellant nor his counsel appeared. Respondent thereupon waived jury trial and submitted its proof on each of the causes of action set out in the complaint. The court announced its finding for the

respondent, and caused judgment to be entered for the full sum of $518.50, with $291.49 costs and $150 attorney's fees.

On March 17, 1924, appellant through his present counsel moved to vacate and set aside the judgment on the ground of his mistake, surprise and excusable neglect. In his affidavit in support of the motion appellant sets up the letter received from his attorney of record in the case and a copy of his reply thereto, and alleges that he had had no notice of the reversal of the former judgment, and assumed that the "trial" referred to by his counsel was the hearing on appeal in Helena. In his reply he asks his counsel whether it would be necessary for him to go to Helena and, in answer to a suggestion that he go to Missoula to talk over the case, promised to do so "within ten days." He further states that he wrote a second letter, but received no reply to either, and assumed that it was not necessary for him to go to Helena.

The motion was denied. Thereafter appellant moved the court to modify the judgment by striking out the items of costs and attorney's fees. This motion was also denied. Before the motion was submitted, however, on motion of respondent and over the objection of appellant, the court corrected the minute entry of March 4, 1924, to show what took place on the calling of the case.

The appeal is from the judgment and from certain special orders made after judgment in denying appellant's several motions. The specifications of error are:

(1) The judgment cannot be sustained in whole by the evidence, or any possible evidence.

(2) The court erred in giving judgment for the plaintiff and against the defendant.

(3) The court erred in denying and overruling defendant's motion to vacate and set aside the judgment.

(4) The court erred in allowing plaintiff to recover costs.

(5) The court erred in denying plaintiff's motion to vacate and modify the judgment by disallowing plaintiff's costs.

(6) The court erred in allowing plaintiff to amend the minute · record of March 4, 1924.

1. Specifications 1 and 2 attack the judgment on the ground **[1]** that respondent already had a judgment on its second cause of action. There is nothing in the record made before the court to show such fact. Respondent merely made formal proof of the execution and delivery of the notes, that it was then the legal owner and holder thereof and the amounts due thereon, with rate of interest, under the original allegations of the complaint. This proof made a *prima facie* case, entitling respondent to judgment.

*Res adjudicata* is a matter of defense, and must be taken advantage of either in pleading or by proof. "Where a judgment operates as *res judicata*, certain steps to show its existence and effect must be taken in order that proper effect may be given to it. These steps consist of filing a proper plea or making an offer of the judgment in evidence." (15 R. C. L. 1045, sec. 524, and cases cited.)

No amendment was made to the pleadings after the former trial and entry of judgment; no proof was introduced on the trial indicating that the case had ever been theretofore tried; nor was the matter brought to the attention of the trial court on the motion to vacate the judgment, or in any other manner, subsequent to the entry of judgment. The judgment was therefore not open to the attack made upon it.

2. The motion to vacate and set aside the judgment was **[2]** made pursuant to the provisions of section 9187, Revised Codes of 1921, which reads, in part, as follows: "The court may, in furtherance of justice * * * in its discretion * * * relieve a party * * * from a judgment * * * taken against him through his mistake, inadvertence, surprise, or excusable neglect," *etc.*

The showing made by appellant of his mistake as to the **[3, 4]** nature and place of the trial mentioned in the letter from his counsel might be excusable; but that showing also discloses neglect on his part in not going to Missoula to consult with

his attorney as he agreed, and in failing to ascertain whether his attorney was going to attend to the matter, after receiving no reply from his counsel, with no excuse offered for the neglect. Further, his own showing is of absolute neglect on the part of his attorney, with no attempt to explain or excuse such neglect. He does not .even show an attempt to secure an affidavit from his attorney as to whether or not the attorney received his letters, or why he did not appear at the trial.

The neglect of an attorney is attributable to, and is the neglect of, his client, and the client can only be relieved from the consequence of the attorney's neglect on a showing which would excuse the client under like circumstances. (*Thomas* v. *Chambers,* 14 Mont. 423, 36 'Pac. 814; *Scilley* v. *Babcock,* 39 Mont. 536, 104 Pac. 677; *St. Germain* v. *Vollmer,* 68 Mont. 264, 216 Pac. 788. See, also, note, 80 Am. St. Rep. 264.) The relief, or a denial thereof, lies within the discretion of the court, and a reversal of its order can only be had upon a showing of abuse of that discretion. (*Pacific Acceptance Corp.* v. *McCue,* 71 Mont. 99, 228 Pac. 761.) No such abuse has been shown.

3. Assignments 4 and 5 deal with the same subject matter; *i. e.,* costs included in the judgment.

The only question presented to the trial court on appellant's motion to vacate and modify the judgment was the legality of the inclusion in the judgment of the item of $291.49, costs.

(a) On the former trial, on motion to have the costs taxed [5] as provided for in section 9803, Revised Codes of 1921, the court denied respondent its costs and entered judgment only for the principal of and interest on the note set out in its second cause of action. From that judgment respondent could have appealed, and had its right to costs determined. (*King* v. *Allen,* 29 Mont. 5, 73 Pac. 1107; *Jones* v. *Great Northern Ry. Co.,* 68 Mont. 231, 217 Pac. 673.) This it did not do, and that judgment became final and conclusive against respondent's right to recover costs incurred in the original trial. (*Nelson* v. *Donovan,* 16 Mont. 85, 40 Pac. 72.)

(b) On the appeal taken, respondent secured a reversal of the
[6] judgment in favor of appellant, and was entitled, without
formal award thereof, to its costs on appeal, had it seen fit to
claim them. (Sec. 9791, Rev. Codes 1921.) But section 9805
provides that: "Whenever costs are awarded to a party by an
appellate court, if he claims such costs, he must, within thirty
days after the *remittitur* is filed with the clerk below, deliver
to such clerk a memorandum of his costs," *etc.* It is true this
court did not formally award costs in the former decision,
but Rule XVII of this court provides that: "In all cases the
costs of appeal shall be taxed against the unsuccessful party,
unless otherwise ordered by this court. * * * " The ef-
fect of the rule is "to award the costs to the successful party
just the same as if a formal order was made in each case."
(*State ex rel. Hurley* v. *District Court*, 27 Mont. 40, 69 Pac.
244.)

(c) Again, on securing judgment in the trial court, respond-
[7] ent was entitled to its costs, had it again seen fit to claim
them. (Sec. 9787; Rev. Codes 1921.) But, in order to claim
such costs it was required by statute to file its memorandum of
costs and serve a copy thereof upon the opposing party within
five days after the decision of the court was made. (Sec. 9803,
Rev. Codes 1921.) It is admitted in the record that no memo-
randum was filed either after the *remittitur* was filed with the
clerk, or after the decision of the court on March 4, 1924.

The recovery of costs as such is regulated by statute, and the
method therein pointed out must be followed in order to
claim them. (*Orr* v. *Haskell*, 2 Mont. 350; *State ex rel. Riddell*
v. *District Court*, 33 Mont. 529, 85 Pac. 367; *Barrick* v. *Porter*,
56 Mont. 247, 184 Pac. 217; *Gervais* v. *Rolfe*, 57 Mont. 209,
187 Pac. 899.)

Having failed to file the memoranda required by the sections
quoted, respondent was not entitled to have the amount of its
costs included in the judgment. (*Butte Northern Copper Co.*
v. *Radmilovich*, 39 Mont. 157, 101 Pac. 1078.) The court erred

in denying appellant's motion to strike the costs from the judgment.

4. The original minute entry of March 4, 1924, recites: [8] "This action, having been set for trial at this time" plaintiff and its counsel appeared and "announced that plaintiff was ready for trial." "The defendant not appearing, plaintiff waives jury trial and asks that the court hear the proof; default of the defendant was at this time ordered entered for want of appearance or answer." Prior to hearing the motion to vacate the judgment, the court, on motion of respondent, corrected the entry, after the recitation of the appearance of plaintiff, to read: "Defendant not appearing in person or by counsel, and the court being advised by the clerk that written notice of the time and place of trial had been given    *    *    *    the attorney of record,    *    *    *    and no reason or excuse being presented or offered to the court for the failure,    *    *    *    the court proceeded to the trial of said cause," *etc.*

Appellant contends that the court had no authority to make the correction, and should have heard his motion on the record as it appeared at the time the motion was noticed. The original entry was inaccurate and a misstatement of the facts, in that it was thereby made to appear that no answer had been filed, and that appellant was in default. The amendment did no more than to cause the entry to recite the facts as they existed at the time. Such an amendment is clearly within the province of the court. "In case of an omission or error in the record, the power exists in the court to amend such record so that it shall conform to the actual facts and truth of the case." (15 C. J. 975, sec. 395; *Power & Bro., Ltd., v. Turner*, 37 Mont. 521, 97 Pac. 950; *Currey* v. *Butte Electric Ry. Co.*, 60 Mont. 146, 199 Pac. 243.)

The cause will be remanded, with direction to modify the judgment by striking therefrom the words and figures, "together with the sum of $291.49, costs," and changing the amount of the total judgment from $959.99 to $668.50, and as

modified the judgment will be affirmed. Respondent to pay one-half of appellant's costs on appeal.

*Modified and affirmed.*

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES STARK and HOLLOWAY and HONORABLE LYMAN H. BENNETT, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, concur.