CHARLES PATTYN, Plaintiff and Respondent, *v.* ADOLPH FAVERS, et al., Defendants, and RICHARD A. MERRILL and F. C. CANHAM, Defendants and Appellants.

No. 9691.

Submitted March 18, 1958. Decided July 9, 1958.

327 Pac. (2d) 818.

Wiggenhorn, Hutton, Schlitz & Sheehy, Billings, John C. Sheehy, Billings, argued orally, for appellant.

Longan & Jones, Billings, Kronmiller & Freeman, Hardin, Franklin S. Longan, Billings, argued orally, for respondent.

MR. JUSTICE ANGSTMAN:

Defendants appeal from a judgment quieting title in plaintiff to certain property and from an order awarding costs to plaintiff. Involved in the action are approximately one and one-half acres of land situated in Big Horn County.

Default judgments were entered against all the defendants ▇ named except Richard A. Merrill and F. C. Canham. These two defendants filed an answer and cross-complaint in which they allege in substance that plaintiff and these defendants entered into a contract on July 10, 1951, wherein plaintiff agreed to sell the land to defendants on a conditional sales contract; that the contract contained a clause that upon default by the vendee on any payments, the vendor at his option may de-

clare the full amount of unpaid installments to become immediately due and payable or may take immediate possession of the property without notice or demand and thereupon the contract may be terminated and all payments made may be retained by the seller as rent and liquidated damages for the use and depreciation of the property. As a part of the contract of sale there was included furnishings of a night club known as Hill Tavern located on the property.

The answer alleged that the written contract was subsequently modified in writing so that the time of payment of a $3,000 installment, originally due on July 10, 1952, was postponed until January 1, 1953; that on January 7, 1953, defendants tendered to plaintiff the sum of $3,255 representing the $3,000 installment plus interest and that plaintiff refused to accept the tender. It further alleged that prior to making the tender, plaintiff had orally waived the default of defendants in making payment on January 1, 1953. It is alleged that plaintiff wrongfully and unlawfully took possession of the property and since January 7, 1953, has held the same wrongfully and unlawfully. It was alleged that the purchase price of the property was $17,000 of which $4,700 in principal and interest had been paid together with $700 for taxes and licenses, $1,050 for insurance and $1,000 for improvements. Defendants sought a decree declaring that they had an interest in the property to the extent of the amounts expended by them for the purchase and improvements or, in the alternative and if plaintiff's title be quieted, then it should be subject to judgment for defendants for the amounts specifically pleaded as damages sustained by them.

The reply admits that the time for payment of the $3,000 installment, falling due on July 1, 1952, was extended to January 1, 1953, and that defendants paid the sum of $4,700 in principal and interest under the contract and denies the other allegations of the answer and cross-complaint.

The cause was tried to the court without a jury resulting in

findings and judgment in favor of plaintiff and against the defendants.

Appellants assign several specifications of error. Relying on the case of Silfvast v. Asplund, 93 Mont. 584, 20 Pac. (2d) 631, their principal contention is that plaintiff was not entitled to declare a forfeiture of the contract on January 7, 1953, because he was not then in a position to deliver a marketable title. They argue that since the evidence shows that plaintiff, on that day, demanded all of his money there was thus an election by him to accelerate the payments under the acceleration clause in the contract. The evidence relating to claimed defects in plaintiff's title went in over objection on the part of plaintiff as not being within the issues framed by the pleadings. The answer does not suggest any defect in plaintiff's title. The court in its conclusions of law expressly ruled that this issue was not presented by the pleadings. Its ruling in that respect was correct.

Furthermore defendants' contention must be rejected for another reason. Plaintiff's demand for all of his money was simply a demand for all that was past due and there was not an election by him to accelerate payments not yet due.

The evidence on this point in substance was that defendants made a belated tender of a check in the sum of $3,255 whereas the actual amount then in default including taxes, according to plaintiff's computation, was $3,467.52. It was under these circumstances that plaintiff made the statement that he wanted all of his money.

The evidence does not warrant the conclusion contended for by defendants that plaintiff chose to declare future installments due and payable. The time had not yet arrived when plaintiff was obliged to show marketable title under the rule of the Silfvast case.

Defendants contend also that under the circumstances of this case plaintiff was not entitled to terminate the contract and retake possession of the property without previous notice to defendants. Their contention is that since plaintiff extended

the time of paying one installment he waived the provision in the contract making time of the essence thereof and that non-payment alone is not sufficient ground for forfeiture of the contract without notice to them of plaintiff's intention so to do. They rely on the cases of In re Schilling, D.C., 26 F. Supp. 248 and Baker v. Van Dolzer, 142 Cal. App. (2d) 428, 298 Pac. (2d) 86.

The record here shows however that defendants had notice that plaintiff was standing on his contract, as written, except as to the time of payment of the one installment of $3,000.

The written waiver expressly recited:

"Now Therefore it is hereby agreed that the said first party waives the payment to be made on the 1st day of July, 1952, in the sum of Three Thousand and no/100. And it is further understood that any future payments shall be made according to the terms of said agreement, and that the payment to be made on the 1st day of July, 1952, shall be paid out and become due on the 1st day of January 1953."

Thus the contract as modified retained all of the provisions of the original contract excepting that it changed the date when the $3,000 became due.

There was no waiver of any other provision of the contract as originally made. The written extension agreement itself recognized and adopted the general rule stated in Restatement, Contracts, section 300, page 444, and Pearce v. Shurtz. 2 Utah (2d) 124, 270 Pac. (2d) 442, that waiver or indulgence of a particular default would not operate as a waiver of any subsequent default.

Furthermore the record shows that before plaintiff repossessed the property, conferences were had on January 3rd and 4th, 1953, between defendants and plaintiff and his representatives at which times defendants requested a further extension of time to pay the sums then in default, which request was refused and denied.

The record shows that defendants fully understood that if the extension of time was not granted and if the payments were

not met, the contract would be terminated and their rights forfeited.

The court did not err in finding the issues in favor of plaintiff.

Defendants contend that plaintiff did not file his memorandum of costs in time and that therefore he was not entitled to costs.

The findings of fact and conclusions of law were signed on August 25, 1955. They were filed on August 26. Judgment was filed September 15.

The cost bill was served on counsel on September 16, and filed September 19. Notice of entry of judgment was served on September 15, reciting that judgment was entered on that day.

Defendants rely on the cases of McDonnell v. Huffine, 44 Mont. 411, 120 Pac. 792, and Gervais v. Rolfe, 57 Mont, 209, 187 Pac. 899, and contend that the cost bill came too late.

R.C.M. 1947, section 93-8619, in part, provides:

"The party in whose favor judgment is rendered, and who claims his costs, must deliver to the clerk, and serve upon the adverse party, within five days after the verdict or notice of the decision of the court or referee or, if the entry of the judgment on the verdict or decision be stayed, then before such entry is made, a memorandum of the items of his costs and necessary disbursements in the action or proceeding * * * A party dissatisfied with the costs claimed may, within five days after notice of filing of the bill of costs, file and serve a notice of a motion to have the same taxed by the court in which the judgment was rendered, or by the judge thereof at chambers."

There is language in the above-cited cases supporting the view that the word "decision" as used in this statute means the findings of fact and conclusions of law as distinguished from the judgment.

In the McDonnell case, supra, the only question was whether

the cost bill had to be filed within five days after the court orally announced its determination of the case.

The court properly held that it need not and that it was in time when filed within five days (there six days because the last day fell on Sunday) after the filing of written findings of fact and conclusions of law. That case does not present the precise point before us.

In Gervais v. Rolfe, supra, the precise point here involved was ruled in favor of defendant's contention. The case was based solely on the holding in the McDonnell case, which as above noted, did not present the question as to whether a cost bill must be filed within five days after the filing of written findings of fact and conclusions of law. The holding in the McDonnell case was expressly followed in Miles v. Miles, 76 Mont. 375, 247 Pac. 328.

In the later case of Shull v. Lewis & Clark County, 93 Mont. 408, 19 Pac. (2d) 901, 904, this court in construing the same section of the statute held that the word "decision" as used in the statute means "such a decision as amounts to a rendition of judgment." This court pointed out that the first line of the statute, now section 93-8619, makes that conclusion apparent as well as the last sentence thereof. Section 93-5605 also contains the same language found in section 93-8619, namely, "decision of the court."

This court has held that "notice of the decision" under that section means legal notice, viz., notice of the entry of judgment. State ex rel. Cohn v. District Court, 38 Mont. 119, 99 Pac. 139; Best Mfg. Co. v. Hutton, 49 Mont. 78, 141 Pac. 653. Under section 93-5605, the notice to the adverse party of entry of judgment is given by the party in whose favor judgment was entered. Notice of the decision of the court, so far as concerns the party in whose favor judgment was entered within the meaning of section 93-8619, is accomplished at the time judgment is rendered in his favor.

The court properly denied defendants' motion to strike plaintiff's memorandum of costs.

The judgment is affirmed.

MR. CHIEF JUSTICE HARRISON and JUSTICES CAS-
TLES, ADAIR and The HONORABLE JACK R. LOUCKS,
sitting in place of MR. JUSTICE BOTTOMLY, concur.