(June 1, 1898.)

## ELLIOTT v. COLLINS.

[53 Pac. 453.]

TAXING COSTS—MEMORANDUM AS PROVIDED BY LAW A PRIMA FACIE CASE.—On a motion to tax costs, a memorandum of costs verified and filed as provided by section 4912, and amendments thereto, makes a *prima facie* case for the party entitled to the costs, and in order to justify a taxation thereof by the judge the dissatisfied party must overcome by proof the *prima facie* case made by such memorandum.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

Eugene O'Neill, for Appellants.

The plaintiffs had a right to have the questions of fact raised by the pleadings tried by a jury. (Idaho Const., art. 5, sec. 1; Idaho Rev. Stats., sec. 4383, subd. 1.) This was a jury case, and all questions of fact should have been presented to them for their decision, including, when pleaded, any questions of election of remedies. It was an action for money as damages, there was no waiver of jury, and no reference. (Idaho Rev. Stats., sec. 4369; *Yager v. Exchange Nat. Bank,* 52 Neb. 321,

72 N. W. 211; Idaho Const., art. 1, sec. 7; art. 5, sec. 1; *Morris v. Rexford,* 18 N. Y. 552.) Under the general rule of law there could be no election in this case, as only the present case could be maintained. (*Carson River Lumber Co. v. Bassett,* 2 Nev. 249; *Snow v. Alley,* 156 Mass. 193, 30 N. E. 691; *Saville v. Welch,* 53 Vt. 683, 5 Atl. 491, 493, 494; *Sanger v. Wood,* 3 Johns. Ch. 416.) But the bringing of an action and the dismissing of the same before trial or jugment is not an election. (*Equitable Co-operative Foundry Co. v. Hersee,* 103 N. Y. 25, 9 N. E. 487; *Bolton Mines Co. v. Stokes,* 82 Md. 50, 33 Atl. 491, 493.)

James W. Reid, for Respondent.

It is certainly the established law in every state that has spoken on the subject, that the definite adoption of one of two or more inconsistent remedies, by a party cognizant of the material facts, is a conclusive and irrevocable bar to his resort to the alternative remedy. (7 Ency. of Pl. & Pr., 364, and authorities there cited; *Rucker v. Hall,* 105 Cal. 425, 38 Pac. 962.)

SULLIVAN, C. J.—This is an appeal from an order taxing costs. It appears from the record that a memorandum of costs was filed as provided by section 4912 of the Revised Statutes, as amended by Session Laws of 1895, page 6. It also appears that the respondents, who were the plaintiffs in the court below, were dissatisfied with the costs claimed, and made a motion for a taxation of the same. Said motion was heard, and the record shows that the only evidence considered by the judge in the hearing was the memorandum of costs duly verified by the attorney for the appellant, and a subpoena that had been issued in the case. The judge taxed the costs, and in so doing struck out the witness fees and charges of four witnesses. The memorandum of costs introduced on the hearing of said motion made a *prima facie* case for the appellant, and the respondents introduced no evidence whatever to overcome the case so made. The judge therefore erred in taxing said costs. The order taxing costs is reversed, and the case remanded. Costs of this appeal are awarded to the appellant.

Huston and Quarles, JJ., concur.