KING ET AL., RESPONDENTS, *v.* ALLEN ET AL., APPELLANTS.

(No. 1,655.)

(Submitted October 9, 1903.   Decided October 26, 1903.)

*Costs—Memorandum — Items—Prima Facie Case—Costs of Inspection and Survey of Mining Property — Evidence— Order Disallowing Costs—Appeal.*

1.   No appeal lies from an order taxing costs.
2.   Where a statute or rule of court requires a party claiming costs to serve a verified memorandum thereof on his adversary, and file the same with the clerk, such memorandum is *prima facie* evidence that the items were necessarily expended, and are properly taxable, unless, as a matter of law, they appear otherwise on their face.
3.   The burden of proof of overcoming the *prima facie* evidence as to taxable costs established by filing memorandum of costs is on the adverse party.

4. Under Code of Civil Procedure, Sections 1866, 1317, fees paid a witness testifying on the hearing for an order of inspection and survey, fees paid a witness at the hearing of an order to show cause, fees for summoning such witness, and the expense of preparing a map, are *prima facie* proper items of costs.

5. Where the court allowed, as costs, a fee paid to a witness called to testify in a proceeding, it should also have allowed the sheriff's fee for summoning the witness.

6. A finding that an inspection and survey was necessary to enable a party to properly present his case was an adjudication of costs attendant on procuring the order for the survey.

7. Whether the expense of making a map was reasonable or necessary to facilitate a hearing upon an injunction proceeding is a question of fact, in reference to which the court, in taxing costs, should admit all competent evidence, including testimony of witnesses explanatory of what the map was intended to show, their statements as to whether it actually represented the facts intended to be shown by it, the map itself, and testimony as to its reasonable cost.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

Action by Silas King and others against John Allen and others. From a judgment for defendants for costs, and from an order disallowing certain items of costs, defendants appeal. Reversed.

## Statement of the Case.

The purpose of this action was to recover a judgment for damages for trespasses alleged to have been committed by the defendants by entry upon exterior portions of the Silver King lode, the property of the plaintiffs, and the removal therefrom of large quantities of valuable ore. Equitable relief was also sought by injunction to restrain further trespass pending the litigation, and perpetually upon final hearing.

The principal issue involved was the title to certain ore bodies found beneath the surface of the Plymouth lode claim, lying to the south of plaintiffs' premises, the Silver King lode claim, the plaintiffs alleging that such ore bodies are upon exterior portions of a vein having its apex within their boundaries. Upon the filing of the complaint the court issued an order to show cause why an injunction *pendente lite* should not issue. This order also restrained the mining operations of the defendants until a hearing could be had. Meantime the defendants applied

for and the court granted an order permitting them to inspect and survey the workings beneath the surface of the Plymouth lode claim, in order that they might be enabled to present at the hearing the facts touching the matters in controversy. The survey was made, and a map prepared by defendants' engineer, showing the underground workings and a cross-section of the ground in controversy. Before the hearing was had, however, the court dismissed the action upon plaintiffs' request, and directed judgment in favor of the defendants for their necessary costs and disbursements accrued up to the date of dismissal. Within the time provided by the statute (Code of Civil Procedure, Section 1867) the defendants served upon the plaintiffs and delivered to the clerk their memorandum of costs, properly verified, in order that such costs might be included in the judgment. The items mentioned in the memorandum, other than clerk's fees, about which there is no controversy, were $3, a fee paid a witness who testified at the hearing for the order of survey; a fee of $3 paid to a witness called to testify at the hearing under the order to show cause; $1 paid the sheriff to summon this witness; and $110, the expense of preparing the map. The plaintiffs thereupon moved the court to disallow all these items, upon the ground that they were not lawfully taxable as costs. The motion stated that it was to be based upon the record and the files in the cause and upon evidence to be adduced at the hearing. At the hearing the plaintiffs assumed the burden of proof. The defendants offered no evidence. Upon the evidence produced by the plaintiffs the court made an order disallowing all the items complained of except the fee paid to the witness called for the injunction proceeding, and directed judgment to be entered accordingly. The defendants have appealed from the judgment. They have also attempted to present the questions involved by an appeal from the order.

*Mr. C. P. Drennen,* and *Mr. John J. McHatton,* for Appellants.

*Mr. E. N. Harwood,* and *Messrs. McBride & McBride,* for Respondents.

MR. CHIEF JUSTICE BRANTLY, after stating the case, delivered the opinion of the court.

1.  No appeal lies from an order taxing costs. (*Montana Ore Purchasing Co.* v. *Boston & Montana C. C. & S. M. Co.,* 27 Mont. 288, 70 Pac. 1114; *Murray* v. *Northern Pacific Ry. Co.,* 26 Mont. 268, 67 Pac. 625.) The attempted appeal from the order must therefore be dismissed. The appeal from the judgment, however, properly presents for review the controversy of the parties and the action of the district court thereon.

2.  Contention is made by the appellants that the memorandum filed by them with the clerk of the district court was *prima facie* evidence of the correctness of the various items set forth therein as necessary costs and disbursements, and that the district court erred in not directing judgment for the whole amount claimed.

The rule is well established by the authorities that where, under a statute or rule of court, a requirement is made that, in order to recover costs, the party claiming them must, within a specified time, serve upon his adversary and file with the clerk a memorandum of the items thereof, duly verified, such memorandum is *prima facie* evidence that the items were necessarily expended, and are properly taxable, unless, as a matter of law, they appear otherwise upon the face. The burden of overcoming this *prima facie* case rests upon the adverse party, and the party filing the memorandum is required to furnish further proof only in rebuttal. Hence upon the trial of a motion to tax costs, if the adverse party does not overturn the *prima facie* case made by the verified memorandum, the objection should be overruled. (*Hibbard* v. *Tomlinson,* 2 Mont. 223; *Elliott* v. *Collins,* 6 Idaho, 157, 53 Pac. 453; *City and County of San Francisco* v. *Collins,* 98 Cal. 259, 33 Pac. 56; *Barnhart* v. *Kron,* 88 Cal. 447, 26 Pac. 210; *Colusa Parrot M. & S. Co.* v. *Anaconda C. M. Co.* (C. C.), 104 Fed. 514; Fitnam's Tr. Pro. Sec. 669.)

Under the statute (Code of Civil Procedure, Section 1866) all the items called in question could properly be taxed, because

this section, besides providing for the fees of witnesses and other disbursements, provides also for "the reasonable expenses for making a map or maps if required and necessary to be used on trial or hearing, and such other reasonable and necessary expenses as are taxable according to the course and practice of the court, or by express provision of law." By an express provision of law (Code of Civil Procedure, Section 1317) the costs of procuring an order of survey abide the result of the action, and are taxable against the losing party. If, therefore, no evidence at all had been introduced at the hearing, the defendants would have been entitled to have all the items included in their judgment. The plaintiffs having assumed the burden, however, we must examine the record with this condition in mind, and determine whether, as a matter of fact, the item should have been taxed as necessary disbursements, or whether, upon this theory, the court erred in reaching the conclusion it did

3. As has been said, the issue in the case upon the pleadings was as to the ownership of a vein or lode and the extent of the alleged trespass of the defendants. The complaint described the Silver King claim and the locality of the trespasses in general terms. The restraining part of the order to show cause attempted by a particular description to define distinctly the limits within which it should be operative pending the hearing. The defendants offered evidence tending to show that the survey was necessary, and that a map was required to enable the witnesses to make intelligible to the court their testimony touching the physical and geological facts as they understood them. The map itself was offered in evidence in connection with the testimony of the witnesses, in order that the court might determine whether or not its use at the hearing would have been necessary. Evidence was also offered to show the reasonable cost of making the map. The court, upon objection, excluded all the evidence offered except the fact that the map had been made by the engineer of the defendants, and that it represented all the underground workings involved in the controversy. No evidence was offered or introduced touching the item of $1 paid the sheriff

for serving the subpoena, nor was any offered upon the item of $3 paid to the witness who testified at the hearing for the survey order. It is manifest that if the court was justified in allowing the $3 paid to the witness called to testify at the injunction proceeding, the fee paid to the sheriff for summoning this witness should also have been allowed. It is equally clear that when the court found upon the application for the survey order that the survey was necessary in order to enable the defendants to properly present their case to the court, this was an adjudication of the costs attendant upon procuring the order, and the court was in error in disallowing the fee of $3 paid to the witness who testified on that hearing. Whether or not the expense of making the map was reasonable or necessary in order to facilitate the hearing upon the injunction proceeding was a question of fact, and upon the theory upon which the matter was presented to the court by the defendants, the court should have admitted all competent evidence tending to throw light upon this question. This would include the evidence of witnesses explanatory of what the map was intended to show, as well as their statements as to whether it correctly represented the facts intended to be shown by it. In connection with this it was clearly competent to introduce the map itself, and also the testimony of witnesses tending to show what was the reasonable cost of making it. It is inconceivable how the court could reach a just conclusion upon the question under investigation without hearing and weighing this testimony, and it was clearly error to exclude it. The court evidently proceeded upon the erroneous idea that the burden was upon the defendants, and that, having failed to show that these items were all necessarily expended in preparation for the hearing, they were not entitled to be reimbursed.

Reference is made in the brief of counsel to rulings of the court upon particular parts of the evidence excluded. We shall not attempt to notice these in detail. What we have already said we deem sufficient to guide the court in another hearing.

The judgment is reversed, and the cause is remanded, with

directions to the district court to proceed in accordance with the views herein expressed.

*Reversed and remanded.*