## SUPREME COURT — APPELLATE DIVISION — THIRD DEPARTMENT.

### January 10, 1923.

## MATTER OF SEARCH FOR AND SEIZURE OF LIQUORS.

(204 App. Div. 185.)

INTOXICATING LIQUORS—MOTION TO SET ASIDE SEARCH WARRANT AND FOR
RETURN OF LIQUORS SEIZED—COMPLAINT WHICH STATES CONCLUSIONS OF
FACT ONLY INSUFFICIENT UNDER CODE OF CRIMINAL PROCEDURE, § 802-b,
SUBD. 2—ALLEGATION THAT COMPLAINANT "SAW INTOXICATING LIQUORS
SOLD" IS CONCLUSION OF FACT.

A complaint to be sufficient to sustain the issuance of a search warrant
under section 802-b, subdivision 2, of the Code of Criminal Procedure
must set forth facts which show grounds for belief that intoxicating
liquor is kept in violation of law or that there is probable cause for
believing that such liquor is so kept. A complaint is insufficient and a
search warrant issued thereon will be set aside, where the plaintiff
alleges merely conclusions of fact and does not set forth any facts from
which the court itself may draw the conclusion that intoxicating liquor
is being unlawfully kept.

Accordingly, a search warrant will be vacated and liquors seized
thereunder will be returned where the complaint alleges merely that at
a certain place and on a certain date stated the plaintiff "saw intox-
icating liquors sold there, and paid for to the said supposed owners of
said premises or their bartenders which intoxicating liquors were con-
sumed on the premises."

APPEAL by the claimant, Arthur Wells, from an order of the
Supreme Court, made at the Clinton Special Term and entered
in the office of the clerk of the county of Clinton on the 23d
day of October, 1922, denying his motion to set aside a search
warrant and for the return of certain liquors seized thereunder
and directing the forfeiting and destruction of such liquors.

*Patrick J. Tierney,* for the appellant.

*Harold A. Jerry, District Attorney,* for the respondents.

HINMAN, J.:

The sole question here is whether the complaint stated facts sufficient to comply with subdivision 2 of section 802-b of the Code of Criminal Procedure,* upon which to base a search warrant.

Section 802-b, subdivision 2, provides: " Upon the verified complaint of any person setting forth facts which show grounds for belief that intoxicating liquor is kept, stored or deposited in any place in this State in violation of any provision of article one hundred and thirteen of the Penal Law, or that there is probable cause for believing that such liquor is so kept, stored or deposited, any judge of any city court of record of the city, or any county judge of the county or justice of the Supreme Court in the judicial district where such liquor is so kept, stored or deposited, may issue his warrant directed to any peace officer, commanding him forthwith to search the premises," etc.

The complaint in question describes the premises where the intoxicating liquors are stated to have been kept in violation of law as a hotel with a barroom and generally describes the other rooms therein, calling the hotel by name and giving its location. The essential part of the complaint to be considered upon this appeal reads as follows: " That within the week last past complainant visited said premises and saw intoxicating liquors sold there, and paid for to the said supposed owners of said premises or their bartenders which intoxicating liquors were consumed on the premises."

The law requires that the verified complaint shall " set forth facts which show grounds for belief   *   *   *   or that there is probable cause for believing that such [intoxicating] liquor is

---

* Added by Laws of 1921, chap. 156. This act is also known as the State Prohibition Enforcement Act and was revised from subdivision 2 of section 33 of the recently repealed Liquor Tax Law (as amd. by Laws of 1920, chap. 911; repd. by Laws of 1921, chap. 155).—[REP.

so kept," etc.    The law does not state merely that the complaint
shall show ground for belief, but the Legislature was at pains
to require the setting forth of *facts* which show grounds for
belief. · The *facts* set forth must speak and they must be
addressed to the judge or justice issuing the warrant.    They
must be facts which, considered in the mind of such judge or
justice, would entitle him to reach the conclusion that there was
ground or probable cause for believing that intoxicating liquor
was being kept unlawfully and that a search warrant might
with propriety be issued.    The law does not delegate merely
to the complainant the right to formulate an opinion, conclu-
sion or judgment as to the existence of facts which show to the
complainant grounds or probable cause for believing that intox-
icating liquor is being unlawfully kept.    The judge must act
upon his own opinion based upon the necessary facts.    He
cannot simply accept the opinion of somebody else.    And
this is so as to every essential fact.    The judge must have
probable cause to believe that (1) there is liquor, (2) that it is
intoxicating liquor within the meaning of the law, and (3)
that it is being kept unlawfully upon certain described prem-
ises.    If we may assume from the complaint in question that
there was liquor which the complainant saw sold and that it
was unlawfully intoxicating, there were sufficient facts set forth
in the complaint to show grounds for believing that it was
being kept on the premises in question in violation of law,
because the complainant states that he was there and saw drinks
bought, consumed and paid for in a hotel barroom.    We are
confronted with ′a more serious question, however, when we
assume as a naked fact that the complainant could *see* that the
drinks were drinks of liquor and that such liquor was unlaw-
fully intoxicating.    Surely he could not, by simply looking
at the liquid, judge that it was intoxicating · liquor.    That
would be incredible.    If he saw other things, heard other things,
smelled of the liquor or of the breaths of the drinkers, tasted of
the liquor himself or sensed any circumstances whereby he con-

firmed his own conclusion that it was intoxicating liquor, the complainant is silent in his complaint as to such facts and circumstances.    He may have satisfied himself that he was possessed of personal knowledge that it was intoxicating liquor that was sold, but unless the judge is to absolutely permit the complainant to decide for him as to the existence of that fact, the complainant must state the attendant circumstances from which the judge may fairly infer whether or not the complainant may be deemed to have the personal knowledge of the fact which he avers.

The distinction which the statute in question requires us to make in determining the sufficiency of the bald allegation of fact that the complainant " saw intoxicating liquors sold," is the distinction which the law of evidence makes between the statement of a fact and the statement of a mere conclusion. It is a general rule of evidence that a witness or affiant must state facts and not conclusions of fact or opinions.    The line between a statement of fact accepted as evidential and a statement of conclusion of fact, insufficient as a matter of evidence, is in many cases shadowy and difficult to define.    There are tests, however, which assist in distinguishing the one from the other.    Where in relation to a given statement, it is apparent that there is in the mind of the witness an immediate correspondence between the ideas expressed and the realities observed, the statement of such ideas is an evidential fact of the highest character, as the idea is intuitive and represents the reality without conscious reasoning.    As observation, however, decreases in value and reasoning increases, the statement becomes of less weight evidentially until a point is reached where the statement is rejected entirely as evidential and is branded as a conclusion.    In many cases statements which are the result of observation of realities of so complicated a nature as to be beyond the powers of description of an ordinary witness, are considered evidential where they relate to matters of common experience and are in effect the result of an intuitive inference.

Thus a locomotive engineer of long experience has been permitted to state whether his engine discharged as many or as large sparks as another engine furnished with a different spark arrester, where it was shown that he had made such observations as to give some weight to his testimony and where the court said, " there were no other means of stating the result of the witness' observation " upon a very material issue in the case. (Collins v. N. Y. C. & H. R. R. R. Co., 109 N. Y. 243.) So, too, a witness who has observed the conduct and deportment of another, and other facts connected with them, may state whether the latter was drunk or sober, because it requires observation merely to answer that question and to require a description of the conduct of the person would lead to great injustice. (People v. Eastwood, 14 N. Y. 562.) Again, a statement is not necessarily branded as a conclusion simply because it involves some reasoning. In such case, however, as the element of reasoning increases the weight of the statement as a matter of evidence decreases. This is illustrated by the cases involving statements of witnesses as to the presence of blood or bloodstains. In People v. Gonzalez (35 N. Y. 49) it was held that, by sanction of immemorial usage, stains of blood upon the person and the clothing of the accused on the night of the murder might be shown by persons who are not experts and that matters of common observation might ordinarily be proved by persons who observed them, without resorting to mechanical or scientific tests to verify them with definite precision. To the same effect is Greenfield v. People (85 N. Y. 75). The court, however, is very careful to state that the testimony in such case is admissible where the witness has had special opportunity to learn the appearance of blood from the nature of his avocation or otherwise, and that the weight to be given such evidence is governed by the circumstances and by the experience and knowledge of the witness.

In the case before us the statement of the complainant that

he " saw intoxicating liquors sold " can be given no weight as a fact, because the complainant has not shown facts from which his competency to judge that the liquor was intoxicating might be inferred and his statement is devoid of any circumstances by which its weight can be tested.   If he had said that he saw a drink sold, nobody would question his statement as one of fact. He could conclude that by common observation and experience, by intuitive inference; but when he concludes that the drink was intoxicating, without saying how he knows the fact beyond saying that he saw it, it is equally plain that his statement is a conclusion from facts unrevealed which he could have stated, and which might have been the single incredible deduction that it looked like intoxicating liquor.   Science has not yet progressed to the point where such a deduction can be drawn through the mere sense of sight of the liquor itself.   To permit the complainant to draw his own conclusion without stating the facts from which he draws the inference is to rob the judge or justice of the benefit of any circumstances from which the weight to be given to his conclusion can be considered.   It is the judge or justice who must be satisfied that the drink sold was intoxicating before he is permitted under the statute to authorize the invasion of a man's property by search and seizure.   We think he cannot act judicially in any such serious matter upon a complaint which merely alleges conclusions of fact, but that the complaint should set out the evidence establishing the conclusions of fact sufficiently to show to the judge or justice that there are grounds or reasonable cause for believing that intoxicating liquor is being kept upon the premises in question in violation of law.

The order should be reversed upon the law, without costs, and the motion to vacate and set aside the search warrant and to direct the return of the property seized should be granted, without costs.

18

H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK and HAS-BROUCK, JJ., concur.

Order reversed upon the law, without costs, and motion to vacate and set aside the search warrant and to direct the return of the property seized granted, without costs.