# GAHAGAN, Appellant, *v.* GUGLER, Respondent.

(No. 7,426.)

(Submitted November 8, 1935. Decided November 18, 1935.)

[52 Pac. (2d) 150.]

*Mr. Emmet O'Sullivan,* for Appellant, submitted a brief and argued the cause orally.

*Mr. W. C. Husband,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Charles H. Gahagan brought action in the justice of the peace court at Harlowton against Walter Gugler for the sum of $97.65, alleged to be due as wages; he prayed for judgment in that amount with interest, costs and a reasonable attorney's fee. Judgment went for the defendant, and the plaintiff appealed to the district court where he secured a verdict for $90.81, and judgment was entered thereon. Plaintiff, within time, filed his memorandum of costs and disbursements, including items of cost in the lower court and the district court, totaling $151.75, and added thereto $40 attorney's fees. Each of the witnesses mentioned in the memorandum filed affidavit of attendance and mileage. Two days later the defendant filed a "notice of motion to tax costs," stating that, on November 9, 1934, at 10 A. M., "or as soon thereafter as counsel can be heard," he would move the court to make an order taxing the costs and to strike from the memorandum "certain items of alleged costs therein stated, and to adjust and ascertain the correct amount of the various items." The notice closes with the statement: "said motion will be based upon the records and files in the above entitled cause and upon affidavits and oral testimony."

The court thereafter set the motion for hearing on November 22, 1934, and on that date the defendant filed a written "motion" setting out in detail the items to which objection was made, with the reasons therefor, accompanied by affidavits in support thereof. The plaintiff objected to a hearing on the motion on the ground that the notice was insufficient and the motion and affidavits were filed out of time, and moved that the motion and affidavits be stricken from the files. The court reserved its ruling, granted the plaintiff five days within which to file counter-affidavits, which time was later on application of counsel for plaintiff extended an additional ten days, and granted defendant five days after plaintiff's affidavits were filed, within which to file a brief, with like time thereafter for plaintiff to file his brief. Thereupon counsel for the respective parties stipulated that, on submission of the matter, the court might "rule on the objection and motions any place in the State of Montana."

After all affidavits and briefs were lodged with the court, it made and filed its order overruling the objection to the proceeding and the motion to strike, and thereupon struck from the memorandum the item of attorney's fees and certain items of witness fees and mileage, thus reducing the costs claimed from $191.75 to $77.98, which last amount was inserted in the blank left in the judgment for that purpose. Aggrieved by the action of the court in taxing the costs, the plaintiff perfected an appeal. His notice of appeal declares that the plaintiff appeals "from that part of the judgment * * * awarding plaintiff costs and disbursements in the sum of * * * $77.98, * * * which judgment also awards plaintiff the sum of * * * $90.81 * * * and from the whole thereof." The defendant moved to dismiss the appeal on the ground that it is, in effect, an appeal from the order taxing costs, from which no appeal lies, declaring that the attempted appeal from the judgment is a mere subterfuge to secure a review of the order.

The right of appeal, as well as the right to recover costs, is purely statutory and, therefore, one who successfully invokes such a right must point out the statute giving him such right. Our statute on appeals (sec. 9731, Rev. Codes 1921)

does not provide for an appeal from an order taxing costs, and, consequently, an appeal does not lie from such an order; such an order can only be reviewed on appeal from the judgment. (*Jones* v. *Great Northern Ry. Co.*, 68 Mont. 231, 217 Pac. 673, 37 A. L. R. 754; *City of Butte* v. *McKay*, 51 Mont. 233, 152 Pac. 31; *Ferris* v. *McNally*, 45 Mont. 20, 121 Pac. 889; *King* v. *Allen*, 29 Mont. 5, 73 Pac. 1107; *Montana Ore Pur. Co.* v. *Boston & Montana etc. Co.*, 27 Mont. 288, 70 Pac. 1114.) This rule is imperative for the reason that, although the order taxing costs follows the entry of judgment in point of time, it is in theory an intermediate order, and, when taxed, the costs are inserted in the blank left in the judgment as originally entered (sec. 9806, Rev. Codes 1921) and become a part of the judgment theretofore entered (*In re Williams' Estate*, 52 Mont. 366, 157 Pac. 963; *Ferris* v. *McNally*, above), without changing the date of entry of judgment.

And even on an appeal from the judgment, "the general rule is, and always has been, both in England and in this country, that, independently of any constitutional limitation, a decree for costs is not ordinarily appealable." (*Nutter* v. *Brown*, 58 W. Va. 237, 52 S. E. 88, 1 L. R. A. (n. s.) 1083, and long list of cases there cited.) This rule is not precise and leaves considerable leeway. It is applied generally when the costs under consideration are such as are within the discretion of the court and where not granted as of course to a successful litigant by statute, but is not generally applied in the face of statutory regulation of costs. (See note to *Nutter* v. *Brown*, 1 L. R. A. (n. s.) above.)

In this jurisdiction the ordinary costs of suit, as provided for by statute (sec. 9802, Rev. Codes 1921) are allowed, of course, to the prevailing party (secs. 9787, 9788, Id.), and no discretion to disallow them is vested in the trial court. Under our statutes costs awarded become an important part of the judgment, and to deny the right to review such an award merely because the prevailing party is satisfied with the judgment otherwise, would be to deny justice to the litigant.

In *State ex rel. Bullard* v. *District Court,* 86 Mont. 358, 284 Pac. 125, this court invoked the above rule, apparently in order to assume jurisdiction by writ of supervisory control and thus do justice between the parties, but in that case the question of taxing costs arose after decision on appeal and, in holding that the aggrieved party had no appeal, the court said: "But here the judgment was reversed, and when the remittitur was filed there was no judgment." Consequently, as there was no judgment from which to take an appeal and no appeal from the order striking the memorandum of costs, supervisory control was available.

In order to entitle one to appeal he must have an appealable interest in the judgment, and a mere interest in the costs, with no right to appeal with respect to other matters included in the judgment, gives such a party no right of appeal, but where statutes such as ours exist, a judgment against a party for costs, where the judgment is otherwise appealable, or where a judgment is rendered in favor of a party and is erroneous only in not giving him costs, the question of costs will be considered on appeal. (3 C. J. 627; *Martin* v. *Porter,* 84 Cal. 476, 24 Pac. 109.) In these circumstances this court has always assumed jurisdiction and reviewed the taxing of costs on appeal from the judgment, though it be the only question presented on the appeal, and has recognized the right to prosecute such an appeal. (*King* v. *Allen,* above; *First State Bank* v. *Larsen,* 72 Mont. 400, 233 Pac. 960, 961; *Graham* v. *Superior Mines,* ante, p. 427, 49 Pac. (2d) 443.)

A plaintiff who has been denied a portion of the costs to which he is justly entitled under the statute "is as much 'the party aggrieved' as is a defendant against whom an unjust verdict has been rendered 'contrary to law,' and is entitled to be placed in the same position as a wholly unsuccessful party." (*Brunnabend* v. *Tibbles,* 76 Mont. 288, 246 Pac. 536.) The motion to dismiss the appeal is denied.

The defendant has presented to this court a petition for "diminution" or correction of error in the record, supported by

the affidavit of the clerk of the court showing that the minute entry of November 22, 1934, recited "ruling reserved on motion," whereas plaintiff's counsel inserted in the bill of exceptions, as settled by the court, "ruling reserved on the objection and motion to strike." The error, however, is immaterial. The court evidently considered the objection and motion as one and did in fact reserve ruling on the objection as well as the motion, for there was no ruling on either at the time; counsel thereupon stipulated that the court might later "rule on the objection and motions"; and in the order, as above shown, the court disposed of both the objection and the motion to strike. The petition to correct is, therefore, denied as unnecessary.

It is contended by plaintiff that the court erred in taxing the costs, as the "notice of motion to tax costs" is insufficient and the motion and affidavits were not filed within time. As appears above, the "notice" did not specify the items of costs to be attacked on the motion, but all the statute has to say on the subject is that "a party dissatisfied with the costs claimed may, within five days after notice of the filing of the bill of costs, file and serve a notice to have the same taxed by the court." (Sec. 9803, Rev. Codes 1921.)

There is no merit in the contention that the motion and affidavits were not filed within time; the notice only is required to be filed within the five days. Even under statutes requiring the filing of the "motion," or requiring the dissatisfied party "to move" within a specified time, it is held that the party substantially complies with the law by filing a notice of motion within time and thereafter orally moving the court to retax. (*Carpy* v. *Dowdell*, 129 Cal. 244, 61 Pac. 1126; *Lind* v. *Webber*, 36 Nev. 623, 135 Pac. 139, Ann. Cas. 1916A, 1202, 50 L. R. A. (n. s.) 1046.) It is true that in the *Carpy Case*, above, the court held, in effect, that the notice of motion should state the grounds of the motion, by declaring: "The substance of the law as it stands is that the party who is dissatisfied with the bill of costs as filed must within a certain time make his objection known and the grounds on which he will move the court to .

correct or strike out the cost bill.'' Such is the "substance" of the law under consideration in that case, because the statute requires the filing of the "motion" within the specified time, and if there is to be a substantial compliance with the statute, as was there held there was, the notice of motion must substantially conform to the requirements of a motion.

A "motion," as the word is here used, is an application for a court order (sec. 9772, Rev. Codes 1921), and must fairly apprise the court of the grounds upon which the relief is sought. (*Hall* v. *Hall*, 70 Mont. 460, 461, 226 Pac. 469.) A motion is not made by filing an application in writing alone, but by the moving of the court *viva voce* to grant the order. (*Wallace* v. *Lewis*, 9 Mont. 399, 24 Pac. 22; *Peters* v. *Vawter*, 10 Mont. 201, 25 Pac. 438; *Great Northern Ry. Co.* v. *Hatch*, 98 Mont. 269, 38 Pac. (2d) 976.) Of course, the *motion* to retax costs must specifically show in what respects the taxation is claimed to be erroneous and point out the items objected to, unless they are such as are not provided for by law (15 C. J. 189), but the contents of the notice must be determined by the statute and practice of the jurisdiction in which a retaxation is sought. (Id. 187.) Here the only requirement of the statute is that the notice be given within five days after the cost bill is filed. However, "the requirement of notice is to afford opposing counsel the opportunity to be present and intelligently to oppose the motion to be made, and should advise him of the contentions he must be prepared to meet." (*Great Northern Ry. Co.* v. *Hatch*, above.)

Had the court sustained the objection to the hearing on the ground that such opportunity and advice had not been afforded counsel for the plaintiff, and the defendant appealed from the judgment and thereon presented the question, we would, perhaps, have affirmed the judgment. On the other hand, had the court overruled the objection and forced the plaintiff to proceed with the hearing on November 22, we would undoubtedly have reversed the judgment on the appeal here presented. But such statutes are to be given a liberal construction in the interests

of justice. (*O'Hanlon* v. *Great Northern Ry. Co.,* 76 Mont. 128, 245 Pac. 518), and the paramount consideration is whether or not, on the record, the opposing counsel has been given an opportunity to be present and to fully present his opposition to the motion.

Although it cannot be said that, the court having reserved ruling on plaintiff's objection, the plaintiff waived the same by proceeding on the merits, by the procedure adopted the court fully protected the rights of plaintiff and accorded him every opportunity to meet the charges made by the defendant. Such a notice, or motion, is not a pleading and is not to be judged by the strict rules of pleading, and "an oversight or technicality which did not affect the substantial rights of the parties should be disregarded." (*Lind* v. *Webber,* above.) The court did not err in hearing and determining the motion.

On the merits: The verified memorandum of costs and disbursements "is prima facie evidence that the items were necessarily expended and are properly taxable, unless, as a matter of law, they appear otherwise upon the face. The burden of overcoming this prima facie case rests upon the adverse party and the party filing the memorandum is required to furnish proof only in rebuttal." (*King* v. *Allen,* above; *Brande* v. *A. L. Babcock Hardware Co.,* 35 Mont. 256, 88 Pac. 949, 119 Am. St. Rep. 858.)

The first item challenged is that of fees: $1, mileage $1.75, claimed for one William Jacobson for serving subpoenas upon certain witnesses. The showing made, and not controverted, is that Jacobson was at the time a minor and not an officer. Counsel for plaintiff contends that as the sheriff's affidavit is to the effect that this party "is under twenty-one years of age and is not an officer duly qualified to serve subpoena or other process," it does not deny that he was an officer at the time he made the service. This is fallacious, as, if the man "is" not twenty-one years of age, he could not have been an officer a year or so ago. Costs are recoverable only when allowed by statute (*Brunnabend* v. *Tibbles,* above; *Albrecht* v.

*Albrecht*, 83 Mont. 37, 269 Pac. 158; *Gervais* v. *Rolfe*, 57 Mont. 209, 187 Pac. 899); and with reference to "legal fees and mileage," the statute (sec. 9802, above) provides only for the inclusion of such item in the bill of costs when paid or owing to "witnesses or referees and other officers." The court did not err in striking this item.

The plaintiff next contends that the court erred in reducing the item of per diem and mileage of one Carl Young from $31 to $4.82. This reduction was made on the following showing: L. W. Clark made affidavit that he has been sheriff of Wheatland county for more than ten years last past; that he "is well acquainted with Carl Young, who resides at Twodot, Wheatland county, Montana; that at the time the affiant went to Twodot on the 20th day of October, 1934 [five days before the trial] the affiant was informed that the said Carl Young was in Butte, but that he would be home before the trial of the above entitled cause, and that the affiant served a subpoena upon   *   *   *   Young in the court house   *   *   *   after the trial   *   *   *   had begun." This affidavit has no probative value here. However, counsel for the defendant made affidavit "that Carl Young resides at Twodot   *   *   *   and   *   *   * in attending the trial of the above entitled cause   *   *   * traveled only from Twodot, Montana, to Harlowton, Montana, and that the necessary distance traveled   *   *   *   in attending as a witness   *   *   *   was the distance between Twodot and Harlowton." The only showing made in opposition to the above is the statement of Young in his affidavit of attendance and mileage that he "traveled   *   *   *   from Finlen, Montana, and returning thereto," which distance is fixed by another witness as 400 miles.

Counsel for the plaintiff contends that the statement that Young "traveled only" from Twodot to Harlowton is but a bald conclusion, and that its probative value, if any, is "modified" by a later statement in the same affidavit that, if certain witnesses, including Young, traveled farther than the distance from Twodot to Harlowton and return, the additional distance was unnecessarily traveled. It is argued that the affidavit, there-

fore, merely states in effect that this witness should be allowed mileage only to and from his place of residence, regardless of the place from which he came and to which he returned, whereas the mileage recoverable is not limited to travel from and to the place of residence of the witness (*Lynes* v. *Northern Pacific Ry. Co.*, 43 Mont. 317, 117 Pac. 81, Ann. Cas. 1912C, 183).

The statement that the witness traveled only from and to Twodot is certainly not "a conclusion of law," as argued by counsel, nor is it "an inference drawn from evidentiary facts," and, therefore, a conclusion of fact (*In re Liquors Seized*, 204 App. Div. 185, 197 N. Y. Supp. 758; *Maeder Steel Products Co.* v. *Zanello*, 109 Or. 562, 220 Pac. 155), but rather the statement of an ultimate fact without giving the affiant's means of knowing that the witness did, in fact, only travel that distance. Further, the so-called modifying statement does not have the effect asserted; having declared positively that the witness only traveled a certain distance in going between two points, affiant declares that, if he traveled a greater distance, it was unnecessary travel.

This evidence adduced to overcome the prima facie showing made by the memorandum is meager and not as satisfactory as could be desired, but it is in direct conflict with the like declaration of the witness that he traveled 200 miles each way in attending the trial. When such a controversy is determined on directly conflicting affidavits, the finding of the district court is conclusive. (*Jeffers* v. *Montana Power Co.*, 68 Mont. 114, 217 Pac. 652.)

With reference to this item and the group next considered, the trial court had the advantage of the knowledge acquired during the trial, the record of which was before the court on the motion. The defendant's affidavit challenged the good faith of the plaintiff in incurring these items of cost. The rule is that good faith must be exercised by litigants in procuring the attendance of witnesses, and, on motion to retax, the court may consider the necessity of the witness' attendance, the cir-

cumstances under which he was called, and the like. (*Helena Adjustment Co.* v. *Claflin*, 75 Mont. 317, 243 Pac. 1063.)

The court struck from the memorandum the claims of three ▮ witnesses who attended the trial but did not testify. It appears that these witnesses were called for the purpose of rebuttal only, and that on a question which, on the record, would appear to be more or less immaterial. It is shown by affidavits that on the trial in the lower court one of these witnesses testified that he knew nothing about the case and that he was not present at the time the conversation concerning which he was called to testify in the district court was had. With reference to this witness in particular, the following declaration is pertinent: "One party to a controversy cannot mulct his adversary for the expenses of a witness who was not called and examined in the absence of some showing that the testimony which he was expected to give could reasonably be offered as relevant, competent or material to the issue raised for trial." (*In re Gallatin Irrigation District*, 48 Mont. 605, 140 Pac. 92.)

The other witnesses were called to testify that the defendant called at their home prior to the time he employed plaintiff, inquired as to plaintiff's whereabouts and employment, and stated that he could not pay the wages plaintiff was then earning—provided the defendant denied that he had such a conversation. Defendant on the stand admitted the conversation and the impeachment became unnecessary. In so far as the record discloses, this conversation was entirely consistent with the defense that the defendant did employ the plaintiff to look after his ranch, but did not agree to pay him the wages demanded by the complaint. On the record before the court—but not before us—the judge may well have determined that the bringing in of these witnesses was unnecessary and that the plaintiff should have known in advance of the trial that this was so. "Statutes allowing costs to the prevailing party do not mean costs unnecessarily incurred," and, the question being raised on motion to tax costs, the court has power to disallow any costs which the prevailing party has caused unreasonably and unneces-

sarily to accumulate. (15 C. J. 146.) The court's ruling on these items cannot be disturbed.

The final assignment predicates error on the court's disallowance of plaintiff's attorney's fee. Plaintiff's counsel contends that he is entitled to recover his fee in this action by virtue of the provisions of sections 3084 to 3089 of the Revised Codes of 1921, as a part of the recoverable costs of suit.

The items of recoverable costs are enumerated in section 9802, Revised Codes 1921. This section is exclusive except in so far as certain cases are taken out of its operation by special statutes. (*McBride* v. *School District No. 2*, 88 Mont. 110, 290 Pac. 252.) The "special statutes" relied upon by counsel (secs. 3084 to 3089, above) were enacted as Chapter 11, Laws of 1919. This Act is, in effect, an amendment of or addition to section 9802, above. (*Gardiner* v. *Eclipse Grocery Co.*, 72 Mont. 540, 234 Pac. 490.) But section 1 of the Act declares that "every employer of labor (except agricultural labor), whether a person, co-partnership or corporation * * * shall pay to his employee the wages earned each and every fifteen days," etc. Section 3 provides that "whenever any employee is discharged from the employ of any such person, co-partnership or corporation," the wages of such employee immediately become due and payable. This section does not contain the exception as to agricultural labor, and the phrase was inserted by amendment in 1921. (Chap. 66, Laws of 1921.) Even before the amendment employers of agricultural labor were excepted, for the provision applied only to "such" employers as were enumerated in section 1, wherein agricultural labor, and therefore employers of agricultural labor, were excepted. The provision of section 6 of the Act (sec. 3089, Rev. Codes 1921) for the inclusion in a judgment on a wage claim of attorneys' fees as a part of the costs to the successful party, was intended to apply only to actions against those employers required to make semi-monthly payment of wages. (*McBride* v. *School District*, above.)

The plaintiff having, on his own showing, been employed "as a general ranch-hand and in caring for and taking care of a cer-

tain ranch and certain cattle,'' comes within the exception and not within the provisions of the above Act and was, therefore, not entitled to recover an attorney's fee as a part of his costs.

For the reasons stated the judgment is affirmed.

ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, absent on account of illness, takes no part in the foregoing decision.