SWANSON, APPELLANT, *v.* GNOSE, ADMINISTRATOR, RESPONDENT.

(No. 7,759.)

(Submitted January 25, 1938.  Decided February 25, 1938.)

[76 Pac. (2d) 643.]

*Mr. John A. Stagg,* for Appellant, submitted a brief; and argued the cause orally.

*Mr. T. P. Stewart* and *Mr. Sid G. Stewart,* for Respondent, submitted a brief; the latter argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

Appeal from the district court of Deer Lodge county. Nels Swanson, as plaintiff, instituted an action against J. B. Gnose, as administrator with the will annexed of the estate of Nels Pearson, deceased. Plaintiff alleged that he performed services for the deceased during his lifetime between January 5, 1927, and May 5, 1934. The record shows that the services consisted of work and labor as blacksmith, timber cutter, and camp foreman at day wages during the lifetime of deceased. He demanded judgment in the sum of $11,692.50, together with interest and attorney's fee of $1500. The cause was tried to a jury and a verdict was rendered in favor of plaintiff for $3,399.46, and judgment was entered accordingly.

Within statutory time, plaintiff served and filed his memorandum of costs and disbursements. The memorandum included an item of $1,000 as attorney's fee. Defendant moved to tax costs and objected to the attorney's fee as an improper and illegal charge. The motion to tax costs was heard by the court. One of the attorneys for plaintiff testified that the sum of $1,000 was a reasonable fee for the services rendered. He also testified that there had been a previous arrangement with plaintiff to the effect that a $1,000 attorney's fee should be charged, but the same should be collected only out of the proceeds collected upon the claim. No other testimony was given at the hearing. The court took the matter under advisement and rendered the following ruling: "The item of One Thousand Dollars as attorney's fee for plaintiff is stricken and disallowed on the ground and for the reason that said item is not a legal or proper charge to be included as costs in said action." This appeal followed.

The notice of appeal recites that appeal is from the judgment and the whole thereof, including the ruling of the court taxing costs at $104.51 instead of $1,104.51. The sole question involves the right of plaintiff to recover an attorney's fee.

Previous to the institution of the suit, plaintiff prepared and presented a claim against the estate of deceased for the amount.

The claim was disallowed and suit was thereafter brought within the time allowed by law.

Defendant asserts that the appeal was not properly taken. He argues that by appealing from the judgment as of May 3, 1937, plaintiff attempted to carry the court's ruling of July 7, 1937, on the motion taxing costs with his appeal, although the item of attorney's fee was not entered in and did not become a part of the judgment. He further asserts that the cases cited by plaintiff failed to show any right to have the action of the court reviewed on an appeal from the judgment where the stricken item did not appear entered as a part of the judgment. This contention is not supported by citation of statute or decision. On the contrary, in the case of *Gahagan* v. *Gugler*, 100 Mont. 599, 52 Pac. (2d) 150, this court expressly recognized the right to review a stricken cost item on an appeal from the judgment, and this even though the item did not appear as a part of such judgment. What was there said is applicable and controlling here.

It has always been the rule in this jurisdiction that costs may not be allowed unless expressly authorized by statute. (*Bovee* v. *Helland,* 52 Mont. 151, 154, 156 Pac. 416.) Section 9802, Revised Codes, enumerates what costs and disbursements are allowable, and concludes with the provision, "and such other reasonable and necessary expenses as are taxable according to the course and practice of the court, or by express provision of law."

Plaintiff predicates his right to recover the attorney's fee as a part of his costs on sections 3084 and 3089, Revised Codes. These are the first and last sections of an Act of the Sixteenth Legislative Assembly (Chap. 11, Laws of 1919), entitled, "An Act to Provide for the Payment of Wages of Employees and to Provide Penalties for Violations Thereof."

Section 3084 defines the type of employers and employees affected by the Act and provides an exception. There seems to be no reasonable question but what the labor and services alleged to have been performed by plaintiff for deceased were included within the provisions of the Act. The exact na-

ture of such labor does not appear in the pleadings. Briefs of counsel on both sides, however, deal with the matter as an accepted fact, that is, that the services were in the capacity of blacksmith and stull and timber cutter, and stull and timber camp foreman at day wages. This fact appears for the first time in the record in the memorandum of costs, and subsequently in the bill of exceptions to the court's ruling with regard to costs. It was undoubtedly set out in the memorandum for the purpose of making a prima facie showing upon which to predicate the claim for attorney's fee as a proper item of costs in such an action. No further proof was required until this prima facie case was overturned. (*King* v. *Allen,* 29 Mont. 5, 8, 73 Pac. 1107; *Brande* v. *A. L. Babcock Hardware Co.,* 35 Mont. 256, 88 Pac. 949, 119 Am. St. Rep. 858.)

Section 3089 provides: "Whenever it shall become necessary for the employee to enter or maintain a suit at law for the recovery or collection of wages due, as provided for by this Act, then such judgment shall include a reasonable attorney's fee in favor of the successful party, to be taxed as part of the costs in the case." The statute clearly constitutes "an express provision of law," such as was anticipated by section 9802, supra. (Compare *Gahagan* v. *Gugler,* supra.)

Defendant argued at great length that plaintiff did not bring himself within the provisions of the section because of the asserted fact that a suit for collection of the wages was not necessary—a condition upon which the effect and operation of section 3089 depends. In his brief he states: "Had his claim been presented for a balance of some amount claimed to be due for 'services' rendered to Pearson during his alleged term of service, his claim would have been considered, allowed and paid in the course of administration, in such sum as would have been found due, if any." He recited many facts, circumstances, and figures in his brief, which, apparently, were developed on the trial of the case. This argument is unimportant here, because no bill of exceptions containing the evidence is before us. He asserted that when plaintiff presented his claim against the estate, the administrator had no alternative but to allow it in

its entirety. With this we cannot agree. There were at least two alternatives available by virtue of express provisions of the Probate Practice Act.

Section 10184, Revised Codes, gave the administrator authority to allow the claim in part. That section sets out the proper procedure in such an event. Section 10188 also provides an alternative course which an administrator may follow in case of a doubtful claim, viz.: "Refer the matter in controversy to some disinterested person, to be approved by the court or judge." The administrator did not choose to follow either of these courses. For the purposes of this appeal, we must assume that plaintiff had a substantial claim in some amount, as is evidenced by the jury's verdict and the judgment thereafter entered in his favor, from which no appeal has been taken. It, therefore, appears that plaintiff pursued the only course left open to him. (Sec. 10180, Rev. Codes.)

In view of the statutory provisions and of the steps taken with regard to the presentation of the claim, the suit was proper under section 3089, supra, and it likewise seems to us that a reasonable attorney's fee became a proper statutory item of cost. That the suit was brought and an attorney's fee incurred against the administrator, rather than against the deceased in his lifetime, makes no difference, especially in view of the express statutory provision, section 9795, Rev. Codes, which allows costs against an administrator, the same as against a person defending in his own right.

It seems to us that the opinion in the case of *Gardiner* v. *Eclipse Grocery Co.*, 72 Mont. 540, 550, 234 Pac. 490, 494, is of controlling effect. In that case an attorney's fee was allowed as a proper item of cost in a suit for the recovery of wages. The files disclose that the suit was brought over four years after the services had been rendered. Here, the suit was begun less than three years from the time plaintiff ceased to work for deceased. In the *Gardiner Case* it was said: "The legislature has seen fit to include a reasonable attorney's fee as a part of the costs in such an action as this. Each party to the action was chargeable with notice, at the outset, that the successful party

would be entitled to include in the judgment a reasonable attorney's fee 'to be taxed as a part of the costs in the case.' This being so, if it appeared on the trial that the case came within the provisions of the statute, respondent was entitled to include attorney's fees in his memorandum of costs." (Compare *Gahagan* v. *Gugler,* supra, and *McBride* v. *School Dist. No. 2,* 88 Mont. 110, 116, 290 Pac. 252.)

It was argued that the provision for attorney's fee was intended as a penalty for failure on the part of an employer to pay wages semimonthly. We do not see the force of that argument. Sections 3085 and 3087 of the same chapter, Revised Codes, provide for a penalty of 5 per cent. in circumstances described in those sections, i. e., where the suit is brought within six months. The existence of these provisions does not seem to us to furnish any reasonable ground for assuming that the attorney's fee cannot be collected after six months, or that the provision therefor is in any way weakened or modified by the existence of the penalty provision. The two provisions appear in separate sections and are not dependent one upon the other. However, section 3089 is clearly meant to apply, not only to a case brought within the six-month period specified by section 3087, but as well to one brought after that period. It is reciprocal, and is general in its terms in so far as the same may be applied to the subject-matter under consideration in the chapter. It contemplates the possibility of a judgment against an employee, and very properly provides that "the successful party" might recover an attorney's fee.

Some other states have statutes similar to those here under consideration. Colorado, in particular, has an act on wages couched in language of the same practical effect as that included in ours. The provision with relation to attorney's fee is identical to our own. (1935 Colo. Stat., vol. 3, Chap. 97, Art. 6, secs. 200 et seq., pp. 1290 et seq.) A careful search of authorities has revealed no case bearing on the question here involved, other than the Montana cases hereinbefore cited, and which we think are in effect decisive of this appeal. It was the duty of the

district court to allow a reasonable attorney's fee as a proper and legal cost item.

The judgment is reversed and the cause remanded to the district court with direction to proceed in accordance with what we have said in this opinion.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES MORRIS and ANGSTMAN concur.

MR. JUSTICE ANDERSON:

I dissent. Plaintiff in his complaint averred that he performed "work, labor and services" for the deceased, who "promised and agreed" to pay plaintiff "for such work, labor and services" at the reasonable value thereof, and "the reasonable value of the services so rendered" by plaintiff was $5 per day. The same averments, in identical language, are found in the creditor's claim.

The answer admitted the performance of work, labor and services and the agreement to pay the reasonable value of such work, labor and services. It, however, raised issues as to the value of these services and also as to the number of days of service. Defendant, by answer, also alleged payment.

The bill of exceptions contains none of the evidence offered at the trial. Hence, from that source we are unable to determine the nature of the work, labor and services performed by the plaintiff. In the memorandum of costs and the affidavit filed in support thereof, it is recited that the work, labor and services were performed in the capacity of blacksmith, stull, and timber cutter, and timber camp foreman.

The plaintiff sued for $11,692.50. The verdict was for $3,399.46. In view of the state of the pleadings, the only logical conclusion is that the jury must have found, in effect, that plaintiff had been paid $8,293.04. How much of plaintiff's claim was for his labor as a blacksmith, how much as a stull and timber cutter, and how much for his services as a timber camp foreman is not disclosed by the record.

Section 3084, Revised Codes, applies only to wages due for labor. The term "wages" is used to denote the compensation of laborers. (*Dayton* v. *Ewart,* 28 Mont. 153, 72 Pac. 420, 98 Am. St. Rep. 549.)

In *McBride* v. *School District,* 88 Mont. 110, 290 Pac. 252, 255, this court said: "Sections 3084 and 3085, above, were intended only to apply to the semimonthly payment of wages due from all 'employers of labor,' and it seems reasonably clear that the Legislature did not intend that they should apply in the case of every officer or person receiving a fixed compensation for services rendered. We are of the opinion that the provisions relied upon have no application to the case at bar." The court there held that a school teacher did not perform labor within the meaning of these sections; that a distinction exists between labor and services. While some definitions of "labor" are amply broad to include the services of a school teacher, nevertheless this court there applied a more restricted meaning to the term as it appears in the statute.

One who performs labor is a laborer. A laborer is one who does physical labor, one who works at a toilsome occupation. (Webster's New International Dictionary, 2d ed.; *Meands* v. *Park,* 95 Me. 527, 50 Atl. 706.) In the case just cited it was held that, under the facts, a foreman was not a laborer. Under many factual situations a foreman is a laborer, depending upon the work actually done, and under other situations a foreman is not a laborer.

We are unable to ascertain from the record here how long plaintiff was a foreman, or whether, while acting as a foreman, he was in fact performing labor. If, while acting as foreman, he performed no labor, he did not come within the purview of these sections. For all that appears from the record, the jury may have found that plaintiff's claim may have been paid in its entirety for the labor performed, and that the residue owing was entirely for services as a foreman. If such be the case, he was not entitled to recover an attorney's fee. Without the evidence in the case before us, we can only conjecture as

to whether plaintiff was entitled to an attorney's fee, assuming that the case otherwise comes within the statute.

The trial judge heard the evidence and ruled on the motion to tax costs, refusing to allow the item of attorney's fee. The order of the district court is to be presumed to be correct (*Baker* v. *Citizens' State Bank of St. Peter*, 81 Mont. 543, 264 Pac. 675; *State ex rel. Woare* v. *Board*, 70 Mont. 252, 225 Pac. 389), and the burden of showing reversible error rests upon the party challenging the order (*State ex rel. Wentworth* v. *Baker;* 101 Mont. 226, 53 Pac. (2d) 440). In view of the condition of the record before us, plaintiff has failed to overcome this presumption.

The majority opinion cites and relies upon the case of *Gardiner* v. *Eclipse Grocery Co.*, 72 Mont. 540, 234 Pac. 490, as authority for allowing an attorney's fee in this case. The only question there decided pertinent here was whether an attorney's fee could be recovered without an allegation claiming it in the complaint. The point at issue on this appeal is the right to recover an attorney's fee. True, there, as here, the action was on the *quantum meruit*.

The purpose of this statute is to permit the recovery of attorneys' fees where a fixed compensation is due and not paid within the time provided in sections 3084 or 3086. It is not the intention to deny or preclude the right of an employer to interpose a valid counterclaim or defense to the claim of a laborer. (*Goodell* v. *Pope-Shenon Min. Co.*, 36 Idaho, 427, 212 Pac. 342.) The object of these statutes is to require employers of labor to pay their employees promptly, and to declare that the laborer is worthy of his hire and should not be required to wait an unreasonable time for money he has earned. (*Olson* v. *Idora Hill Min. Co.*, 28 Idaho, 504, 155 Pac. 291.) These statutes were enacted for the protection of the wage earner, and not intended as a snare to entrap the unwary employer. (*Hall* v. *Chicago, R. I. & P. Ry. Co.*, 96 Ark. 634, 132 S. W. 911.)

For the foregoing reasons, I think the judgment should be affirmed.