MARCUS, RESPONDENT, v. BOWMAN ET AL., APPELLANTS.

(No. 8,028.)

(Submitted February 29, 1940. Decided April 12, 1940.)

[101 Pac. (2d) 68.]

*Mr. D. W. Doyle,* and *Mr. Art Jardine,* for Appellants, submitted a brief; *Mr. Doyle* argued the cause orally.

*Messrs. Speer & Hoffman,* for Respondent, submitted a brief; *Mr. Harvey B. Hoffman* argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

This is an appeal from a judgment and an order of the district court denying defendants' motion to strike plaintiff's cost bill and an order allowing plaintiff's costs.

Plaintiff sued the defendants to recover $850 as damages alleged to have occurred in a collision between the plaintiff's and defendants' automobiles. The defendants' answer consisted of general denials, a plea of contributory negligence and a cross-complaint. The cross-complaint contained allegations setting forth the facts of the collision, but alleged that such collision was caused by the negligence of the plaintiff, and damages were alleged and prayed for against the plaintiff in the sum of $55. The court dismissed defendants' cross-complaint nonsuiting the defendants in respect thereto. The jury returned a verdict

in favor of the defendants and judgment on the verdict was entered, allowing defendants costs in the sum of $77.82.

If the decree had gone no further, it would have been correct, but plaintiff filed with the court and served upon defendants his memorandum of costs in the sum of $110.30. Defendants moved to strike plaintiff's cost bill and upon the hearing on that motion the court overruled the motion and granted plaintiff's costs in the amount mentioned. This is the ground of the appeal.

Section 9787, Revised Codes, provides that the plaintiff in an action for damages shall be allowed his costs where he recovers over $50, and section 9788 provides that defendant shall recover costs upon a judgment in his favor in such an action. The jury in the case at bar returned a verdict finding the issues in favor of the defendants and judgment was entered accordingly. It is clear plaintiff gained nothing whatever by his action, and there is no statutory authority for allowing his costs; and that part of the judgment of the trial court is error.

The question of costs in actions similar to this is treated at some length in an annotation in 75 A. L. R. at page 1400. In the case therein reported preceding the annotation, reference is made to a number of cases wherein it was held that if the verdict be in favor of the defendant on the complaint and in favor of the plaintiff on the counterclaim, neither party was entitled to costs. But we think the better-reasoned cases are in harmony with the following: In *Tank* v. *Clark*, 179 Minn. 587, 229 N. W. 579, plaintiff sued for damages for trespass in the sum of $10. The defendant counterclaimed for a sum in excess of that amount. The court found that the plaintiff was entitled to recover the amount of his claim, but that defendant was also entitled to recover $10 on his counterclaim. It was there said that defendant, having succeeded in upsetting plaintiff's claim and prevented any recovery thereon, was the prevailing party and entitled to costs.

In *Checketts* v. *Collings*, 78 Utah, 93, 1 Pac. (2d) 950, 75 A. L. R. 1393, which is the case that is followed by the annotation heretofore mentioned, it is said in substance that neither

party having recovered damages, the defendant having made general denial and filed a counterclaim, was the prevailing party.

This court in *Gahagan* v. *Gugler*, 100 Mont. 599, 52 Pac. (2d) 150, in construing sections 9787 and 9788, Revised Codes, held that costs are allowed of course to the prevailing party, and no discretion to disallow them is vested in the trial court. We reaffirmed that decision in the recent case of *Luebben* v. *Metlen*, ante, p. 350, 100 Pac. (2d) 935.

It appears to us that the trial court in allowing costs to plaintiff in the case at bar proceeded on the assumption that a counterclaim is in the nature of an independent action. While a counterclaim must contain pleadings sufficient to state a cause of action as fully as a complaint, yet in this case it merely comprises a portion of the defense set up against the cause of action in the complaint, and he who prevails in such an action is logically entitled to his costs. It is perfectly clear that the plaintiff did not prevail in the case at bar, and he is not entitled to any costs.

The judgment is reversed and the cause remanded to the district court, with instruction to grant defendants' motion to strike plaintiff's cost bill, and as so modified the judgment will stand affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN, ERICKSON and ARNOLD concur.